BRYANT v. KENYON.

1. PLEADING—SPECIAL DEFENSES—NOTICE—COURT RULES.
   Under Circuit Court Rule No. 7, requiring defendant, with
   his plea, to give notice of special defenses, the defense of *res
   judicata*, sought to be established from the files of a chancery
   suit in no way connected with plaintiff's case, or the defense
   of election of a different remedy, based upon a previous
   suit in another form of action, should be so noticed.

2. TROVER—CONTRACTS.
   Plaintiff drew wood to defendant under a contract which
   provided that he should sell and deliver 2,400 cords at $1.50
   per cord, payments to be made in sums of $150 as fast as 100
   cords should be sold by defendant. Title was reserved in
   plaintiff until the wood was fully paid for. *Held*, that,
   where defendant continued to dispose of the wood after sell-
   ing 100 cords without making any payments, he was liable in
   trover.

3. SAME—WAIVER OF TORT—ELECTION OF REMEDIES.
   Plaintiff, who sold 2,400 cords of wood to defendant at $1.50
   per cord by contract providing that as fast as 100 cords
   should be sold by defendant he should pay plaintiff $150,
   and that title should remain in plaintiff till it was so fully
   paid for, did not, by bringing *assumpsit* for the price of the
   wood,—as well that not sold as that already sold by defend-
   ant, though defendant was then liable only for what he had
   sold,—waive subsequent torts, or make an election of reme-
   dies, so as to bar an action of trover for subsequent sales of
   the wood by defendant after he was in default in his pay-
   ments.

Error to Hillsdale; Chester, J. Submitted January 5,
1900. Decided March 6, 1900.

Trover by Ira N. Bryant against Daniel B. Kenyon.
From a judgment for defendant on verdict directed by the
court, plaintiff brings error. Reversed.

*Grant Fellows*, for appellant.

*F. A. Lyon* and *E. J. March*, for appellee.

MONTGOMERY, C. J.    This is an action of trover for the conversion of 512 cords of wood delivered into the defendant's custody under an agreement the substance of which was as follows:

"*First.* The said Ira N. Bryant, in consideration of the promises and agreements by the said Daniel B. Kenyon as hereinafter set forth, hereby sells and agrees to deliver to the said Daniel B. Kenyon twenty-four hundred cords of wood, principally hard wood, consisting of beech, maple, ironwood, elm, soft maple, white ash, a little white oak, basswood, and a little black ash, all cut from the Henry Lyons farm, in Adams township, in said county, and being the same wood looked over and examined by the said Daniel B. Kenyon within the past few days, excepting a little not yet cut, but the timber from which it is to be cut the said Kenyon has also looked over and examined.    Said wood is to be what is known as block wood, not split fine, and from sixteen to eighteen inches in length.    Said Bryant is to deliver said wood in Hillsdale, North Adams, or Pittsford in such proportions and in such place as the said Kenyon may direct, or the whole of it at either place, if so directed.    Fifteen hundred cords of said wood shall be delivered by said Bryant on or before May 15, 1896, and the remaining nine hundred cords on or before September 15, 1896.

"*Second.* The said Daniel B. Kenyon agrees to pay to the said Ira N. Bryant one dollar and fifty cents per cord for said wood, and to be paid as follows:    As fast as one hundred cords of wood shall be sold, said Kenyon shall pay said Bryant one hundred and fifty dollars in cash therefor.    The wood shall be drawn and piled by Bryant suitable for measuring, and the same shall be measured as drawn by said Daniel B. Kenyon and one Ransom Baker; Baker having charge of the drawing and measuring for Bryant.    And said Kenyon shall deliver to said Baker, for Bryant, a statement in writing, showing the amount of wood received and measured.    The title to said wood shall be and remain in said Bryant as the sole and only property of him, the said Ira N. Bryant, with all rights of possession, etc., until the same shall be fully paid for as above set forth.

"*Third.* The wood shall all be sold and paid for within three years from the date hereof.

"*Fourth.* Said Daniel B. Kenyon, as earnest money, is forthwith to convey to said Ira N. Bryant a house and lot in the village of Alvordton, Williams county, Ohio, of the estimated value of eight hundred dollars, by good and sufficient warranty deed, excepting as against a mortgage now on same, but which the said Kenyon agrees shall not exceed in amount, at this date, including principal and interest, the sum of three hundred dollars; and upon the receipt of said deed said Ira N. Bryant shall indorse upon this contract or agreement the receipt of the sum of five hundred dollars as payment hereon."

On the trial it appeared that there had been delivered to defendant, under this contract, about 2,113 cords of wood. And there was testimony tending to show that, after the wood was all delivered, plaintiff brought an action of *assumpsit* to recover the purchase price of such of the wood as had been sold prior to the commencement of that action; that such judgment remains unpaid; and that some 512 cords, which had not then been disposed of by defendant, have since been disposed of by him. The circuit court directed a verdict for defendant on the ground that plaintiff had, by bringing his action in *assumpsit*, made an election, and that he could not now maintain trover. The defendant's counsel further contend in this court that trover could not be maintained for wood sold under this contract, for the reason that the contract contemplates a sale of the wood by Kenyon; and also that the point that the plaintiff had made a binding election had been adjudicated in a chancery suit between the parties. For convenience we will treat these questions in the inverse order from that in which they are stated.

1. As to the question of *res judicata:* The defendant offered in evidence certain chancery files for the purpose of showing (as is claimed) that, in a proceeding between these parties, it was held that the bringing of the action in *assumpsit* was an election of remedies as to all the wood. This testimony was objected to on the ground that the testimony was incompetent under the pleadings, and not

properly proven.   We think this objection should have been sustained.   The plea was the general issue, simply. Under the authority of section 10074, 3 Comp. Laws 1897, Cir. Ct. Rule No. 7 was adopted to take effect January 1, 1897.   This course was taken in response to a general sentiment among members of the profession that issues for trial should be narrowed by requiring notice of affirmative defenses.   In this case the chancery proceeding was in no way connected with the plaintiff's affirmative case, and defendant, if he intended to rely upon it, should have given notice of that intention.   In the same connection it is urged that notice of the intention to rely upon the previous action of *assumpsit* as an election should have been given.   We think this point is also well taken, but, as the case must go back for a new trial, we will consider the question of election in its proper order.

2.   We do not think the contract open to the construction contended for by defendant's counsel.   Certainly, the title was reserved in the plaintiff by clear and explicit language. True, the contract contemplated the sale of 100 cords to precede a payment of $150, and it may be that trover would not lie for the first 100 cords sold; but, after the defendant had sold that quantity, it was his duty to make payment of $150.   If he did not do so, he was in default, and cannot fall back on any implication to devest the plaintiff of his title.

3.   The important question is the one determined by the circuit court: *i. e.*, did the plaintiff, by bringing the action of *assumpsit*, waive the tort, and elect to treat the title of all this wood as having passed to defendant?   It is to be noted that as to the wood then unsold, and in defendant's hands, no tort had been committed for plaintiff to waive.   It is clear, therefore, that the action of *assumpsit* could not have waived such a tort.   Was there an election on other grounds?   Did the bringing of the action amount to an election to treat the title of all the wood as having passed to defendant?   A similar consideration seems controlling of this question.   The plaintiff could not,

of his own volition, make a complete sale of the wood to defendant. The defendant was not liable under the contract except for such wood as had been sold. He was not liable in tort except for wood sold after he was in default in his payments, and was liable neither in *assumpsit* nor in trover for wood remaining unsold. The election to waive such torts as had been committed was not an election to waive any torts which defendant might commit in the future. Was the ineffectual attempt to recover in *assumpsit* a sum not due a waiver of a future tort? We think not. An election of remedies implies that a party has a choice of remedies. It can hardly be said that he has such a choice when neither remedy is open to him. This question is ruled by *McLaughlin* v. *Austin*, 104 Mich. 489 (62 N. W. 719); *Edgewood Distilling Co.* v. *Shannon*, 60 Ark. 133 (29 S. W. 147). See, also, 7 Enc. Pl. & Prac. 361.

The judgment will be reversed, and a new trial ordered.

The other Justices concurred.