CUNNINGHAM v. KINYON.

LANDLORD AND TENANT—SUMMARY PROCEEDINGS—DEFENSES.
Where, after a decree in this court, complainant deeded to defendant certain premises and also all right, title and interest to an adjoining alley "together with all and singular the hereditaments and appurtenances thereunto belonging or in anywise appertaining" he is not authorized under section 11164, 3 Comp. Laws, to maintain summary proceedings for the possession of coal sheds located partly upon said alley and a railroad right of way.

Error to Hillsdale; Chester, J. Submitted April 6, 1909. (Docket No. 7.) Decided April 24, 1909.

Summary proceedings by Isaiah Cunningham against Daniel B. Kinyon for the possession of land. There was judgment for complainant, and defendant brings error. Reversed, and no new trial ordered.

*F. A. Lyon* and *Merton Fitzpatrick*, for appellant.
*Charles M. Weaver*, for appellee.

BROOKE, J.   The subject-matter of this litigation has been before this court on a former occasion (see *Kinyon* v. *Cunningham*, 146 Mich. 430), where an extended statement of facts appears touching the relations of the parties in this case up to the time of that determination.   The majority of the court in determining the case of *Kinyon* v. *Cunningham*, supra, reached the conclusion that—

"The defendant intended to convey all of the land that he owned, or supposed that he owned, at the particular locality, including his interest in the so-called Warehouse alley,   *   *   *   and that all of the persons connected with the transaction understood that the contract covered all of the defendant's real estate at the particular place."

The decree of this court following the opinion above quoted bears date January 21, 1907.   On the 6th day of February, 1907, Cunningham in carrying out the terms of said decree gave to Kinyon a warranty deed of the west 101 feet of said lot No. 194; and

"Also all the right, title and interest of the said Isaiah Cunningham and Esther Cunningham, his wife, in and to the piece of land known as Warehouse alley, the same being a strip of land two rods wide north and south, and 101 feet long east and west, bounded on the north by the Lake Shore & Michigan Southern Railway Company's land; on the east by the land of Robert J. Corlette; on the south by said lot No. 194 of McCollum's north addition to the village (city) of Hillsdale and on the west by the east line of Union street, together with all and singular the hereditaments and appurtenances thereunto belonging or in anywise appertaining."

On April 27, 1907, Isaiah Cunningham made complaint before the circuit court commissioner of Hillsdale county under section 11164, 3 Comp. Laws.   This occurs in chapter 308, entitled "Proceedings to recover the possession of land in certain cases," and is commonly called the statute providing for summary proceedings to recover the possession of land.   The complaint was as follows:

"The complaint of Isaiah Cunningham, of the city of

Hillsdale in said county, respectfully shows: That Daniel B. Kinyon is in possession of the following lands and tenements, situated in the city of Hillsdale and said county of Hillsdale and State of Michigan, to wit: The coal sheds on the lease of land held by the said complainant from the Lake Shore & Michigan Southern Railway Company. Said sheds are located south of said railway company's tracks and on or very near Union street, and are the same that were involved in the recent case of Kinyon v. Cunningham in the Supreme Court of said State. That Isaiah Cunningham, the complainant, is the owner of the said premises, and that the defendant, being the said Daniel B. Kinyon, is in possession and refuses to yield possession to said complainant. That said Daniel B. Kinyon therefore holds said premises unlawfully and against the right of the complainant, and that the complainant is entitled to possession of the same. Wherefore the complainant prays that proceedings according to the statute in such case made and provided may be taken against said Daniel B. Kinyon and the possession of said premises may be restored to the complainant.

"ISAIAH CUNNINGHAM."

Upon this complaint judgment was rendered before the circuit court commissioner in favor of complainant, and on appeal to the circuit court said judgment was affirmed. The cause is brought here for review of that judgment.

The record discloses that it is the complainant's claim that, immediately after the decision in the circuit court of the case of *Kinyon* v. *Cunningham,* he (Cunningham) turned over to Kinyon the possession of the property in question upon the condition that if, on appeal, his contention as to the ownership should be sustained by the Supreme Court, Kinyon should pay him for the use and occupation of the premises. This, he claims, created between himself and Kinyon the conventional relation of landlord and tenant and entitled him to maintain his action under section 11164, 3 Comp. Laws. The contention of the complainant might have some force were it not for the necessary effect of the deed made by him and his wife on the 6th day of February, 1907, soon after the deter-

mination of the case in this court. By that deed he conveyed to Kinyon:

"Also all the right, title and interest of the said Isaiah Cunningham and Esther Cunningham, his wife, in and to the piece of land known as Warehouse alley, the same being a strip of land two rods wide north and south, and 101 feet long east and west, * * * together with all and singular the hereditaments and appurtenances thereunto belonging or in anywise appertaining."

It is entirely obvious to the court that by this conveyance Cunningham parted with his rights to the whole of Warehouse alley as described, two rods wide and 101 feet · long. Whether those rights were such as accrued to him by prescription, or whether they arose from his lease from the railroad company, or whether they were such as arose from his alleged contract with Kinyon touching the occupation of the sheds, made immediately after the determination of the suit in the circuit court, it is unnecessary to determine. As to the real estate, therefore, upon which the sheds in question are located, so far as it is comprised within the boundaries of Warehouse alley, it is plain that the complainant is entirely without title. By the decree of the court below he is put in possession of the premises, and it is conceded that the sheds occupied the entire northerly half of Warehouse alley.

It will be noticed from an examination of the opinion in the case of *Kinyon* v. *Cunningham,* supra, that while this court reached the conclusion that Cunningham had agreed to convey all the real estate in the vicinity to Kinyon, the court did not determine that the sheds located in part on Warehouse alley and in part on the railroad right of way were necessarily included in the contract. This court left Cunningham free to establish his title to the sheds as personal property distinct from the real estate. Whether by his deed to Kinyon of February 6, 1907, he has conveyed them to Kinyon, at any rate, so far as they are located upon Warehouse alley, we do not determine. We are, however, clearly of the opinion that the com-

plainant cannot maintain this action brought under the statute providing for summary proceedings to recover the possession of land.

Judgment reversed, and no new trial granted.

BLAIR, C. J., and OSTRANDER, MOORE, and MCALVAY, JJ., concurred.