BAASE v. BANNER COAL CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—LIMITATION OF ACTION.

Where an injured employee failed to make claim for compensation within six months after the injury, as required by section 15, part 2, of the workmen's compensation act, an award by the industrial accident board under said act was unauthorized.

Certiorari to Industrial Accident Board.   Submitted April 19, 1918.   (Docket No. 82.)   Decided June 3, 1918.

See notes in L. R. A. 1916A, 23; L. R. A. 1917D, 80.

Charles Baase presented his claim for compensation against the Banner Coal Company for injuries received in defendant's employ. From an order awarding compensation, defendant and the Employers' Liability Assurance Corporation, Limited, insurer, bring certiorari. Reversed, and award vacated.

*Angell, Bodman & Turner* and *C. G. Dyer,* for appellants.

*Purcell & Travers,* for appellee.

MOORE, J. Charles Baase prior to October 29, 1915, was in the employ of the Banner Coal Company. The Employers' Liability Assurance Corporation, Limited, is the insurance company carrying the risk of said coal company. On the date mentioned claimant sustained an injury while in the course of his employment. This injury was duly reported by the employer to the insurance company, which in turn reported the accident to the industrial accident board. After the injury claimant was treated by various doctors. On December 17, 1916, claimant made his first claim in writing for compensation. On December 23, 1916, he filed the regular "Notice to Employer of Claim for Injury." The claim was heard before an arbitration committee on April 27, 1917, and an award made that claimant was entitled to receive and recover from defendants the sum of $7.14 per week for the period of his disability. This award upon appeal was affirmed by the full board. The case is brought here by certiorari.

Appellants claim:

1. That the present disability of claimant is not due to the injury of October 29, 1915, and the decision of the board to that effect is based entirely on conjecture and not supported by any competent evidence.

2. That no claim for compensation with respect to the alleged injury was made within six months after

the occurrence of the same, and there was no evidence whatsoever of any physical or mental incapacity on the part of claimant which would extend the statutory period.

A determination of the second claim will make it unnecessary to discuss the other.

Sections 15 to 18 of part 2 of the workmen's compensation act (2 Comp. Laws 1915, §§ 5445-5448) had the attention of this court in *Armstrong* v. *Pickle Co.,* 197 Mich. 334; *Podkastelnea* v. *Railroad Co.,* 198 Mich. 321; *Cooke* v. *Furnace Co.,* 200 Mich. 192; *Dane* v. *Traction Co.,* 200 Mich. 612; and *Kalucki* v. *Foundry Co.,* 200 Mich. 604. In the last three cases opinions were handed down in March, 1918. It is there determined that the claim for compensation must be made within six months of the time of the injury. It is the contention of claimant that though he did not make a claim in writing within six months that he did so in fact. This claim is based upon his testimony, reading as follows:

"*Q.* About that time or shortly after, did you have a conversation with Mr. Carmichael?

"*A.* I did.

"*Q.* What position did he hold with the Banner Coal Company?

"*A.* So far as I know he was manager.   *   *   *

"*Q.* When was this conversation with Mr. Carmichael?

"*A.* About February 16, 1916.

"*Q.* Did you explain to him fully what your injury was?

"*A.* I stated that my injury bothered me, and I was sore, and I really had to quit.   *   *   *

"*Q.* What was Mr. Carmichael doing at that time?

"*A.* Mr. Carmichael was back of the bar, in what they call the office part, in the front part of the saloon.

"*Q.* What did you say to him?

"*A.* I was standing there talking to him, one thing and another and I spoke about my money.

"*Q.* What money?

"*A.* Money that I supposed that I had coming.

"*Q.* For work?

"*A.* Yes, sir.

"*Q.* And what else?

"*A.* I spoke to him about my lungs and about working out there, and about one thing and another, and I told him that my lungs bothered me so much out there in the mine that I would have to quit.

"*Q.* You talked generally about the mine and the conditions of the mine and your condition?

"*A.* Yes; and I told him that I would have to make a claim for compensation, if I didn't get along better.

"*Q.* And what did he say about that?

"*A.* It went from one thing to another, general conversation. I don't remember what he did say.

"*Q.* That was practically all that you said?

"*A.* Yes, and a general conversation."

Mr. Carmichael admits he might have had a conversation with the claimant at the time and place mentioned, though he says he does not remember that he had, but says if a claim for compensation had been made it would have been reported, and that there was no report made of a claim. Counsel cite, in support of the contention that a sufficient claim was made, *Luckie* v. *Merry,* 3 K. B. Div. (1915) 83, and *Gailey* v. *Manufacturing Co.,* 98 Kan. 53 (157 Pac. 431). A reference to the cases will show they are not controlling.

It is not necessary to quote here section 15, part 2 of the act (2 Comp. Laws 1915, § 5445), but its language is not ambiguous. Giving the claimant's testimony the most favorable construction possible, it amounts to a statement that he would have to make a claim if he did not get better. We think this is not a compliance with the requirements of the act.

The award is set aside.

OSTRANDER, C. J., and BIRD, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.