McAFEE v. BANKERS TRUST CO. OF MUSKEGON.

ELECTION OF REMEDY—ESTOPPEL—MISTAKE OF REMEDY—CONVERSION.

> Where attachment proceeding brought by plaintiffs under mistaken theory that title to certain property was not in them was dismissed by them on stipulation, they were not thereby estopped from bringing action for conversion of same property against another party; there having been no election of remedy.

Appeal from Muskegon; Vanderwerp (John), J. Submitted January 6, 1933. (Docket No. 67, Calendar No. 36,988.) Decided March 2, 1933.

Case by Don G. McAfee and another against Bankers Trust Company of Muskegon and another for conversion of a quantity of steel casing. Verdict and judgment for plaintiffs. Defendant trust company appeals. Affirmed.

*Cross, Foote & Sessions,* for appellant.

*McAllister & McAllister,* for appellees.

NORTH, J. This case was before us on a former appeal and is reported in 253 Mich. 685. Except as hereinafter noted, the facts and issues involved are there stated. Upon retrial in the circuit, plaintiffs had verdict. Judgment was entered thereon, from which defendant has appealed.

At the conclusion of the proofs, defendant moved for a directed verdict. Decision was withheld until hearing of defendant's motion for judgment *non obstante,* which was denied. In these motions defendant asserted that plaintiffs are estopped by election of remedies from recovering in this suit. This issue has been brought into the case by amendment to pleadings since the former review by this court.

Prior to commencing this suit, plaintiffs instituted an attachment proceeding in the district court of the United States for the western district of Michigan, southern division, against F. M. Gray, Jr., Inc., in which the recovery sought included money plaintiffs claim they had paid F. M. Gray, Jr., Inc., for the same casings which defendant herein is charged with having converted. Briefly, the Federal case

was instituted on the theory that title to these casings was not in plaintiffs, while the instant suit is necessarily grounded on the theory that plaintiffs were vested with title. Appellant asserts that the two positions are inconsistent, and by having instituted the first suit on the one theory plaintiffs are estopped from maintaining this suit on the other and inconsistent theory. This contention is not tenable. Upon stipulation the Federal suit was dismissed by plaintiffs. They recovered nothing by having instituted it. On the former appeal to this court there was final adjudication that title to these casings was in plaintiffs. It logically follows that the case in the Federal court was instituted on a mistaken theory; and, if prosecuted, it would necessarily have terminated adversely to plaintiffs. We are not confronted with a situation wherein plaintiffs had a choice and made an election of remedies. Instead they erroneously sought in the Federal court to exercise or enforce a right which they did not possess. Defendant herein was not a party to the Federal suit, and was in no way prejudiced thereby. Under the circumstances, it cannot successfully urge estoppel.

"There is a difference between an election of remedies and a mistake of remedy, and the law has not gone so far as to deprive parties of meritorious claims merely because of attempts to collect them by inappropriate actions, upon which recovery could not be had." *McLaughlin* v. *Austin,* 104 Mich. 489, 491.

"The fact that a party, through mistake, attempts to exercise a right to which he is not entitled, does not prevent his afterwards exercising one which he had and still has unless barred by the previous attempt." *William W. Bierce, Ltd.,* v. *Hutchins,* 205 U. S. 340, 347 (27 Sup. Ct. 524).

See, also, *Bryant* v. *Kenyon,* 123 Mich. 151; *Lewis J. Selznick Enterprises* v. *Harry I. Garson Productions,* 202 Mich. 111.

The judgment entered in the circuit court is affirmed, with costs to appellees.

McDonald, C. J., and Clark, Potter, Sharpe, Fead, Wiest, and Butzel, JJ., concurred.