HANSEN v. PERE MARQUETTE RAILWAY CO. .

1. MASTER AND SERVANT—DEPARTMENT OF LABOR AND INDUSTRY—JURISDICTION.

> Jurisdiction of department of labor and industry was properly exercised as to claim by employee accidentally injured on railroad where it found that proper claim therefor had been made pursuant to 2 Comp. Laws 1929, § 8431.

2. ELECTION OF REMEDIES—TWO OR MORE REMEDIES AVAILABLE.

> An election of remedies requires that there be two or more available remedies between which a party has a right to elect.

3. SAME—CLAIM BY INJURED EMPLOYEE IN FEDERAL COURT—MISTAKE OF REMEDY.

> Denial of claim by locomotive engineer in Federal court against railroad company under Federal employers' liability act because he was not engaged in interstate commerce *held*, not a bar to prosecution of claim before department of labor and industry; there being merely a mistake of remedy.

4. MASTER AND SERVANT—CLAIM FOR COMPENSATION.

> Claim for injury filed by employee *held*, plain, unambiguous and unequivocal, where it stated time and place of injury and that he claimed compensation therefor although it went further and stated other contemplated action.

Appeal from Department of Labor and Industry. Submitted April 17, 1934. (Docket No. 131, Calendar No. 37,594.) Decided June 4, 1934.

Alfred J. Hansen presented his claim for compensation against the Pere Marquette Railway Company for accidental injuries received while in defendant's employ. Award to plaintiff. Defendant appeals. Affirmed.

*Anderson & Lamb* and *Martin & Williams,* for plaintiff.

*W. K. Williams* and *N. F. Crawford,* for defendant.

POTTER, J.   Plaintiff, a locomotive engineer, employed by defendant, suffered an injury arising out of and in the course of his employment July 18, 1930. Subsequently he instituted suit in the Federal court of Toledo, Ohio, against defendant, and April 18, 1933, that court held defendant was not engaged in interstate commerce when plaintiff was injured and plaintiff could not recover against defendant under the Federal employers' liability act (45 USCA, § 51 *et seq.*).   January 6, 1931, plaintiff filed a claim for injury with the department of labor and industry as follows:

"I was injured on the 18th day of July, 1930, while working as an employee of the Pere Marquette Railway Company in the yards of the company near Flint, Michigan.   I was an engineer and was backing when the tender jumped the track and I jumped from the cab of said engine.   Due to said jump I suffered a complete and partly comminuted fracture of the os calcis extending into the astragalocalcanean articulation.   There is an incomplete and imperfect alignment of the fragments.

"Under the workmen's compensation law of Michigan as I understand it, no proceedings for compensation for an injury under the act shall be maintained unless a notice of the injury shall have been given to the employer within three months after the happening thereof and unless the claim for compensation with respect to such injury, which claim may be either oral or in writing, shall have been made within six months after the occurrence of the same.   The Pere Marquette Railway Company has

proper notice of my injury and I desire to make claim under the workmen's compensation law for adjustment upon the following conditions:

"I have instructed my attorneys to file an action at law against the Pere Marquette Railway Company for damages for personal injuries as a result of this accident. I have done this believing my action is one arising under the Federal employers' liability act. If that is the case I, of course, have no right to compensation under the workmen's compensation laws of Michigan. The question of whether I was engaged in interstate commerce at the time of my injury may be disputed in said action and if it is and if it is determined that I was not engaged in interstate commerce I desire to preserve my right under the workmen's compensation laws of the State of Michigan. I, therefore, desire to give notice of my injuries and ask that said claim be held in abeyance until the determination of the case at law; until it is determined whether I was engaged in interstate commerce at the time. If I was engaged in interstate commerce at the time, my claim, of course, before the workmen's compensation board will abate. If I was not engaged in interstate commerce and it is so determined I desire to press my claim for compensation and specifically ask that this question be held in abeyance by the department of labor and industry until the matter is finally determined. The action at law will be filed in the Federal court at Toledo, Ohio."

The question in controversy is whether this claim so filed with the department of labor and industry is sufficient under the Michigan workmen's compensation act (2 Comp. Laws 1929, § 8407 *et seq.*) to confer jurisdiction upon the department to act. We are satisfied the case was correctly disposed of by the department of labor and industry. It found not only that the written claim above quoted was filed with the department of labor and industry but that a

sufficient verbal claim was made under 2 Comp. Laws 1929, § 8431.

It is claimed, plaintiff by commencing suit in the Federal court, made an election of remedies. To constitute an election of remedies, there must be in fact two or more available remedies between which the party has a right to elect. 20 C. J. p. 20. An election of remedies implies that a party has a choice of remedies. *Bryant* v. *Kenyon,* 123 Mich. 151. There is a difference between an election of remedy and a mistake of remedy, and the law has not gone so far as to deprive parties of meritorious claims merely because of attempts to collect them by inappropriate actions upon which recovery could not be had. *McLaughlin* v. *Austin,* 104 Mich. 489; *McAfee* v. *Bankers Trust Co.,* 262 Mich. 276. Had plaintiff first prosecuted his claim before the department of labor and industry and it had found he was engaged in interstate commerce at the time of injury, and he had then begun suit in the Federal court and his case had been there dismissed because he was not engaged in interstate commerce, plaintiff would have been penalized for his mistake.

In *Schild* v. *Railroad Co.,* 200 Mich. 614, cited by the department of labor and industry, it is said:

"The condition of giving notice of a claim for compensation, controlling the right to demand the same, is clear. There is no room for construction, and the difficulties attending upon a judicial variance from the legislative rule are obvious. Perhaps the legislative rule ought to be changed: a question for the legislature. But I can see no difficulty in such a case if the right to compensation under the Michigan law is preserved by notice, although the right way be doubtful. If the case falls within the Federal statute, remedy under that statute is exclusive; if within the Michigan law, the Federal law has no

application. But if a right under the Michigan law is claimed, notice of the claim must be given within six months after the injury is received.''

In *Baase* v. *Banner Coal Co.*, 202 Mich. 57, the substance of the claim made was that plaintiff would have to make a claim if he did not get better. This was held not to be an unequivocal claim.

In *Brown* v. *Weston-Mott Co.*, 202 Mich. 592, no claim of compensation was made for more than two years after the accident, and though the court found that the record disclosed defendant had knowledge of the accident and injury prior to that time, it held the statute required not only notice of the injury but claim for compensation. ''One to be given within three months and the other to be made within six months after the occurrence of the injury. We have recently held that the claim for compensation must be an unequivocal one. *Baase* v. *Banner Coal Co.*, *ante*, 57.''

In *Wilkes* v. *Railway Co.*, 234 Mich. 629, plaintiff's right leg was crushed in an accident and he was awarded and paid compensation for the injury. More than two years afterward a petition for further compensation was filed in which plaintiff claimed injuries to his back and hip. The court held the claim for such injury not barred by the statute of limitations, but said:

''An unequivocal claim for compensation must be made (*Brown* v. *Weston-Mott Co.*, 202 Mich. 592). It need not be in writing.''

These cases in no way militate against the rule stated in *Shafer* v. *Parke, Davis & Co.*, 192 Mich. 577, that:

''Inasmuch as employees, as a class, are not skilled in the niceties of language or judicial pro-

cedure, and as the law was intended to provide a speedy and inexpensive way for determining the compensation, any notice and any claim, made within the time limited, ought to be considered sufficient if it fairly gives the employer such information as the law intends.''

We think the claim filed by plaintiff was plain, unambiguous and unequivocal. It not only stated the time and place of injury, but that plaintiff claimed compensation therefor. It went further and specified what the plaintiff intended to do. We think the department of labor and industry arrived at a correct conclusion. Its award is affirmed.

NELSON SHARPE, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.