## VIAENE v. MIKEL.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION—REMEDY OF INJURED EMPLOYEE—JURISDICTION—NUMBER OF EMPLOYEES.

The remedy of an injured employee against his employer who had less than statutory minimum number of employees at time injury occurred was solely in circuit court on allegation of negligence, whereas if employer had the minimum number or more employees, the exclusive jurisdiction was vested in the workmen's compensation commission, the employee having but 1 remedy (CL 1948, § 411.2a).

REFERENCES FOR POINTS IN HEADNOTES
[1, 6]  58 Am Jur, Workmen's Compensation § 87.
[2]  18 Am Jur, Election of Remedies § 10.
[3, 4]  58 Am Jur, Workmen's Compensation §§ 64, 65.
[5]  19 Am Jur, Estoppel §§ 42, 49.
[7]  30 Am Jur, Judgments § 165.
[8]  30 Am Jur, Judgments § 178.
[9]  30 Am Jur, Judgments § 183.
Pleading waiver, estoppel, and res judicata. 120 ALR 8.

**2.** Election of Remedies—Choice of Remedies.

An election of remedies implies that a party has a choice of remedies.

**3.** Workmen's Compensation—Election of Remedies—Estoppel.

An injured employee, under a mistake of law or fact, who brings an action for damages against his employer which he is not entitled to maintain, is not precluded thereby, on the ground of election of remedies or estoppel, from claiming compensation under the workmen's compensation act.

**4.** Same—Election of Remedies—Estoppel.

Carpenter who first sued his employer in circuit court where remedy was denied because of failure to prove negligence was not subject to defense of election of remedies or estopped in proceeding to recover workmen's compensation, where no determination was made by the circuit court as to how many employees the employer had at time plaintiff sustained his injury (CL 1948, § 411.2a).

**5.** Estoppel—Elements.

Estoppel is an equitable doctrine and the essential elements thereof as related to the party against whom such a defense is asserted include knowledge, actual or constructive.

**6.** Workmen's Compensation—Jurisdiction—Estoppel.

Plaintiff carpenter's employer who had knowledge of number of his employees at time plaintiff was injured, a jurisdictional fact as to whether the workmen's compensation commission or the circuit court had exclusive jurisdiction of such remedy as plaintiff might have, but which matter was not adjudicated in action brought in circuit court, was not entitled to interpose defense of estoppel in later proceeding before workmen's compensation commission, since the facts as to such number of employees were not necessarily within the knowledge of plaintiff.

**7.** Judgment—Res Judicata.

No litigant is entitled to 2 determinations of the same issue in subsequent forums of competent jurisdiction.

**8.** Same—Res Judicata.

A former adjudication is conclusive in respect to the subject matter of the litigation and the point of fact or law or both necessarily settled in determining the issue on the subject matter in another suit between the same parties, but to have such effect it must appear that the precise question later presented was raised and determined in the former suit, it

being necessary that uncertainty as to whether such point was raised in the former proceeding be dispelled either by the record or extrinsic evidence.

9. WORKMEN'S COMPENSATION—RES JUDICATA—NUMBER OF EMPLOYEES—CIRCUIT COURT ACTION.

The defense of *res judicata* was not available to defendant employer under the workmen's compensation act, based on issue of number of employees he employed at time plaintiff was injured, where such issue had not been necessary to nor precisely dealt with in preceding action in circuit court wherein the court determined defendant employer had not been negligent (CL 1948, § 411.2a).

Appeal from Workmen's Compensation Appeal Board. Submitted January 9, 1957. (Docket No. 26, Calendar No. 46,901.) Decided September 4, 1957.

Cyriel Viaene presented his claim against William Mikel for compensation after an unsuccessful attempt to secure damages in a negligence action in circuit court. Motion to dismiss application for hearing denied. Defendant appeals. Affirmed.

*Markle, Markle & Eubank* (*Fergus Markle,* of counsel), for plaintiff.

*Atlas & Rowe,* for defendant.

EDWARDS, J. Cyriel Viaene was a carpenter. His claim before the workmen's compensation commission, filed January 12, 1955, shows that he suffered compound comminuted fractures of the right leg, ankle and foot, on September 6, 1949, when a scaffold collapsed while he was working on a house. His employer was the builder—one William L. Mikel, the defendant and appellant in this proceeding. The claim also asserts that Mr. Viaene, the plaintiff and appellee in this proceeding, is still totally disabled.

When this matter was set for hearing before a referee of the workmen's compensation commission on June 16, 1955, defendant's counsel appeared and made a motion to dismiss. The motion contended that plaintiff, having previously filed and lost a circuit court negligence suit against the same defendant, was barred from the instant proceeding by having made a final election of remedy.

After argument and submission of briefs, the referee denied the motion to dismiss. Appeal was taken from that denial to the workmen's compensation appeal board, and the referee's denial of the motion recited was affirmed by order of the appeal board. On leave granted by this Court, appeal is now taken from that order.

A portion of the opinion on review of the appeal board is pertinent to our current discussion:

"As of the time of the claimed injury, September 6, 1949, the defendant was not an approved own risk carrier under the provisions of the workmen's compensation act and did not carry workmen's compensation insurance. He was, however, subject to the act if he regularly employed 4 or more employees at that time. Plaintiff avers that he did not know how many employees the defendant had at the time of his injury; that this information was not available to him and that he did not know the facts with regard thereto until the testimony was presented in the circuit court hearing. The decision of the circuit court denying him relief therein was not based upon any finding as to the number of employees employed by the defendant.

"In support of its contention that plaintiff is barred from proceeding under the workmen's compensation act, the defendant cites the case of *Osborne* v. *Van Dyke,* 311 Mich 86. The cited case is clearly distinguishable from the present case. In the *Van Dyke Case* there were 2 different employers and the claim of being an employee of the one was

inconsistent with the claim of being an employee of the other. In the present situation the plaintiff's claim in both the circuit court and the workmen's compensation proceedings has consistently been that he was an employee of the defendant at the time of his injury. The only jurisdictional inconsistency between the 2 proceedings is that workmen's compensation was the proper forum if the defendant regularly employed 4 or more employees, whereas circuit court was the proper forum if the defendant did not regularly employ 4 or more employees. The number of the defendant's employees was a matter which was peculiarly within the knowledge of the defendant. The plaintiff had no certain knowledge on the subject and the only way he could find out was to start a proceeding. Which proceeding he started first was necessarily a matter of chance. To hold under such circumstances that he proceeded at his peril would be to turn workmen's compensation procedure into a game of Russian roulette."

It should be noted at the outset that the opinion just quoted is in error as to the number of employees required by the workmen's compensation statute to vest exclusive jurisdiction in the workmen's compensation commission as of the date in question. As of September 6, 1949, the statutory figure was 8 employees rather than the 4 recited in the opinion. PA 1912 (1st Ex Sess), No 10, pt 1, § 2a, as added by PA 1943, No 245, as amended (CL 1948, § 411.2a [Stat Ann 1943 Cum Supp § 17.142(1)]), as amended by PA 1949, No 238 (Stat Ann 1950 Rev § 17.142 [1]), effective September 23, 1949.

Appellant presents to us for our review only 1 question: "May an injured employee sue his employer in circuit court and then, after a full and complete hearing on the merits, sue his employer in the workmen's compensation department?" We believe that this question implies 3 legal defenses, 2

of which are briefed and argued to us by appellant while the third appears to be the real issue in the case. These defenses are as follows: (1) That plaintiff-appellee has made an election of remedies; (2) That in his second proceeding he is estopped because of inconsistency of the second remedy with the one first sought; and (3) That plaintiff-appellee's workmen's compensation proceeding is barred by the circuit court judgment on grounds of *res judicata.* We shall discuss and decide these in order.

1. *Election of remedies.* Appellant contends that when Mr. Viaene, the plaintiff-appellee, went into the circuit court and sought and received a trial of his negligence action involving this accident that this, of and by itself, represented an election of remedies which bars his current proceeding. Appellant cites to us for authority on this point *Twork* v. *Munising Paper Co.,* 275 Mich 174; and *Morris* v. *Ford Motor Company,* 320 Mich 372.

It is plaintiff's claim that the facts in relation to the number of employees of defendant-appellant Mikel were peculiarly within the employer's knowledge, and that although he, the plaintiff, filed suit in circuit court implying jurisdiction therein, that during the course of trial testimony developed which either implied or indicated that on the crucial date Mikel had 8 or more employees. It is plaintiff's contention, likewise, that the circuit court proceeding never decided this issue as a matter of fact but that the circuit judge, without determining the jurisdiction problem posed by the number of employees, dismissed the suit, after plaintiff's proofs, on the ground that no negligence had been shown. It is plaintiff's contention that he never had but 1 remedy, but was unable to ascertain accurately which it was until certain preliminary facts had been discovered. He relies upon *Hansen* v. *Pere Marquette R. Co.,* 267 Mich 224.

It is clear that, under the then existing statute, if defendant-appellant Mikel had fewer than 8 employees on September 6, 1949, no jurisdiction existed in the workmen's compensation commission, and plaintiff's only remedy, if he had one, would be at common law in the circuit court on allegation of negligence.

It is equally clear that if, on the other hand, on September 6, 1949, defendant-appellant Mikel had 8 or more regular employees, exclusive jurisdiction was vested in the workmen's compensation commission and no jurisdiction ever existed in the circuit court to hear and decide the litigation filed therein.

This Court long ago stated the legal principle succinctly as follows:

"An election of remedies implies that a party has a choice of remedies." *Bryant* v. *Kenyon,* 123 Mich 151, 155.

In *Hansen* v. *Pere Marquette R. Co.,* 267 Mich 224, 227, Justice POTTER reiterated the same principle:

"It is claimed, plaintiff by commencing suit in the Federal court, made an election of remedies. To constitute an election of remedies, there must be in fact 2 or more available remedies between which the party has a right to elect. 20 CJ, p 20. An election of remedies implies that a party has a choice of remedies. *Bryant* v. *Kenyon,* 123 Mich 151. There is a difference between an election of remedy and a mistake of remedy, and the law has not gone so far as to deprive parties of meritorious claims merely because of attempts to collect them by inappropriate actions upon which recovery could not be had. *McLaughlin* v. *Austin,* 104 Mich 489; *McAfee* v. *Bankers Trust Co. of Muskegon,* 262 Mich 276. Had plaintiff first prosecuted his claim before the department of labor and industry and it had found he was engaged in interstate commerce at the time of injury, and he had then begun suit in the Federal court and

his case had been there dismissed because he was not engaged in interstate commerce, plaintiff would have been penalized for his mistake."

The general rule on this matter is cited by American Jurisprudence as follows:

"While there is some conflict of authority on the question whether the institution of an action at law bars a subsequent claim under the compensation act where such action is unsuccessful or unavailing, the rule generally prevailing is that it has such effect only where, or to the extent that, such action constitutes an appropriate and effectual remedy for the injury in question." 58 Am Jur, Workmen's Compensation, § 65, pp 620, 621.

Further, an ALR annotation provides the following language:

"It has generally been held that where an injured employee, under a mistake of law or fact, brings an action for damages against his employer which he is not entitled to maintain, he is not precluded, on the ground of election or estoppel, from claiming compensation under a workmen's compensation act." 94 ALR 1430, 1432.

*Utah Idaho Central R. Co.* v. *Industrial Commission of Utah,* 84 Utah 364 (35 P2d 842, 94 ALR 1423). *Tate* v. *Estate of Dickens,* 276 App Div 94 (93 NYS2d 504). See annotation 94 ALR 1430 and cases cited thereunder.

In asserting that the doctrine of election of remedies bars appellee's claim, appellant relies upon the *Twork* and *Morris Cases* cited by him as noted above. Both of them, however, involve the reverse situation where a claimant having proceeded to determination of his claim under workmen's compensation proceedings subsequently sought to file suit in a common-law action in circuit court.

In the *Morris Case* the Court noted (p 375) the distinction from the *Hansen Case,* which we have previously discussed:

"In the *Hansen Case* plaintiff had instituted suit in the Federal court and that court held he could not recover under the Federal employers' liability act because his employer was not engaged in interstate commerce. The subject matter having been one, as it developed, over which the Federal courts had no jurisdiction, we held that the proceedings there constituted no bar to prosecution of a claim before the department of labor and industry. Such is not the situation in the instant case."

In addition to the fact distinction between our instant proceeding and the *Twork* and *Morris Cases,* there was involved in them a specific statutory provision in the workmen's compensation act upon which these decisions relied and which is absent here. CL 1948, § 416.1 (Stat Ann 1950 Rev § 17.212). We note (without feeling it necessary to discuss or decide under the facts currently before us) the disagreement within this Court over the question as to whether proceedings under the workmen's compensation act are a final bar to subsequent circuit court action. *Demkiw* v. *Briggs Manufacturing Company,* 347 Mich 492, the majority opinion, p 493, dissent, p 499.

In this case we are not confronted with any statutory bar to a subsequent workmen's compensation proceeding. Further, as noted above, on the current fact situation plaintiff-appellee clearly never had more than 1 remedy with the forum for that remedy existing exclusively in workmen's compensation proceedings if the employer had 8 or more employees, and exclusively in circuit court if there were fewer. We hold that for the reasons given the defense of election of remedies is not available to appellant to bar this proceeding.

2. *Inconsistent theories.* Several of the cases relied upon by appellant were decided, in whole or in part, on the ground that in a subsequent action plaintiff was estopped by the inconsistency of his suit as compared to the set of facts upon which he formerly relied. *Mintz* v. *Jacob,* 163 Mich 280; *Donovan* v. *Curts,* 245 Mich 348; *Osborne* v. *Van Dyke,* 311 Mich 86; *Morris* v. *Ford Motor Company, supra.*

Estoppel is an equitable doctrine. The essential elements thereof, as related to the party against whom this defense is asserted, include "knowledge, actual or constructive, of the real facts." 19 Am Jur, Estoppel, § 42, p 643. We agree with plaintiff-appellee's contention that in this situation the key jurisdictional fact as to how many regular employees appellant had was peculiarly within appellant's knowledge, and, at least under the factual situation which this record reveals, not necessarily within the knowledge of plaintiff-appellee.

3. *Res judicata.* Appellant's real defense, implied but not stated by his question and not argued by his briefs, appears to us to be that the circuit court action was *res judicata* as to the issue of jurisdiction. Apparently to establish this defense appellant sought and received an opportunity to supplement the record before this Court by the testimony taken before the circuit judge applicable to the number of appellant's employees. We have reviewed this supplemental record. The evidence contained therein is certainly far from clear and satisfactory. Nor are we aided very much by the portion of the circuit judge's opinion bearing on this issue which is quoted to us:

"Plaintiff, also, through his counsel, called the court's attention to the possible application of the Michigan workmen's compensation act to the case at bar (PA 1912 [1st Ex Sess], No 10, as amended), in

which case the workmen's compensation commission would be the proper forum.

"On the issue of jurisdiction, the court is of opinion and so finds the fact to be, that plaintiff has not met the burden of proof, as such proof finds support in the record, to bring the case at bar within the purview of the compensation act. Moreover, this matter comes too late to warrant consideration. The pleadings in this case are broad in scope. The question of jurisdiction was not raised either in the pleadings nor in the pretrial statement. Nor was such question raised by motion of any kind prior to conclusion of the plaintiff's case, nor was Court Rule No 35 (1945),* in re discovery, invoked."

We simply cannot ascertain the meaning of the key sentence recited above: "On the issue of jurisdiction, the court is of opinion and so finds the fact to be, that plaintiff has not met the burden of proof, as such proof finds support in the record, to bring the case at bar within the purview of the compensation act." Patently in the circuit court proceeding plaintiff had no such burden of proof. If anything, the burden was upon him in that proceeding to prove the contrary, and in addition, it was for jury determination.

We believe that if the issue of fact pertaining to the number of employees had indeed been decided squarely by the circuit court that this adjudication would bar the instant proceeding since no litigant is entitled to 2 determinations of the same issue in subsequent forums of competent jurisdiction. Perhaps the leading case in the United States on this subject is *Jacobson* v. *Miller,* 41 Mich 90, wherein the opinion was written by Mr. Justice COOLEY. The opinion is lengthy and does not bear quotation here, nor does the headnote which we quote below do it entire justice.

---

* See section 6, added 1952, 334 Mich xl.—REPORTER.

"An adjudication is conclusive in respect to (1) the subject matter of the litigation, and (2) the point of fact or law or both necessarily settled in determining the issue on the subject matter."

The United States supreme court dealt with the same problem in this language:

"It is undoubtedly settled law that a judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties. But to this operation of the judgment it must appear, either upon the face of the record or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record,—as, for example, if it appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated, and upon which the judgment was rendered,—the whole subject matter of the action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined." *Russell* v. *Place,* 94 US 606, 608 (24 L ed 214).

See, also, *State, ex rel. City of Breckenridge,* v. *District Court of Wilkin County,* 136 Minn 151 (161 NW 388).

In *Schumacker* v. *Industrial Accident Commission,* 46 Cal App2d 95 (115 P2d 571), the California district court of appeal dealt with a workmen's compensation claim on a set of facts which presented identical principles to those with which we are currently dealing, and applied the rules cited above.

. We believe that the jurisdictional issue of how many employees appellant had regularly in his employment on September 6, 1949, was not necessary to nor precisely dealt with by the circuit court adju-

dication on the issue of negligence and, hence, that the defense of *res judicata* is not applicable in the instant case. On the pleadings before us we are confronted by a showing of serious injury arising out of employment, with subsequent long-time disability. Plaintiff is entitled to have the jurisdictional issue concerning the number of defendant-appellant's employees on the date in question squarely tried and squarely decided.

The order of the appeal board affirming denial of defendant-appellant's motion to dismiss is affirmed. Costs to appellee.

DETHMERS, C. J., and SHARPE, SMITH, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.