## KEFGEN v. COATES.

1. ELECTION OF REMEDIES—LAND CONTRACTS—CONTRACT FOR SALE OF REALTY AND PERSONALTY—FORFEITURE.

Rule as to vendor's election of remedies when purchaser under land contract becomes in default, which precludes the vendor from suit in equity for foreclosure and deficiency decree after forfeiture does not apply where indivisible contract involved sale of both real and personal property, and contained a provision empowering the vendor to declare a forfeiture and take possession of the property.

2. EJECTMENT—PERSONALTY.

The remedy of ejectment does not lie for the recovery of personal property.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  18 Am Jur, Election of Remedies §§ 31–35.
[2]  18 Am Jur, Ejectment § 8.
[3]  14 Am Jur, Courts § 55.
[4]  19 Am Jur, Equity § 10 *et seq.*
[5]  55 Am Jur, Vendor and Purchaser § 124.
   Construction and application of provision of deed, mortgage, lease, or land contract covering personal property on, attached to, or used in connection with premises. 175 ALR 404.
[6]  18 Am Jur, Election of Remedies §§ 9–14.
[7]  18 Am Jur, Election of Remedies § 10.
[8, 9]  55 Am Jur, Vendor and Purchaser §§ 535–539.

3. COURT COMMISSIONERS—SUMMARY PROCEEDING—JURISDICTION.

The remedy by way of summary proceeding before a circuit court commissioner does not lie for the recovery of personalty as his jurisdiction is limited to recovery of possession of land (CL 1948, § 630.12 *et seq.*).

4. EQUITY—ADEQUACY OF REMEDY AT LAW.

A plaintiff who has a right but is without an effective remedy at law may resort to equity for the enforcement of such right.

5. CONTRACTS—MOTELS—CONSTRUCTION—TITLE OF PERSONALTY.

Provision of contract for sale of motel and personalty used in connection with it that "all the personal property, equipment, fixtures and furniture shall be kept in good condition but may be replaced as usage or wear and tear require it as long as the condition and value remain substantially the same" is inconsistent with a possible claim that title to the personalty passed to the purchasers.

6. SAME — MOTEL PROPERTY — FORFEITURE — EQUITY — ELECTION OF REMEDIES.

Vendors' declaration of forfeiture, as authorized by indivisible contract for sale of motel property, including personalty, did not preclude their subsequent judicial proceeding in equity to effectuate the forfeiture as there was no election of remedies.

7. ELECTION OF REMEDIES—CHOICE.

An election of remedies may not be made unless there is a choice of remedies.

8. EQUITY—MOTEL PROPERTY—FORFEITURE OF CONTRACT.

Any equitable rights or privileges to which defendant purchasers might claim they were entitled after plaintiff vendors had declared a forfeiture of the contract for sale of motel property, including personalty *held,* to have been safeguarded in equitable proceeding to effectuate the forfeiture by provision giving purchasers 4 months within which to make payment before permitting plaintiffs to gain right to possession.

9. SAME—MOTEL PROPERTY—CONTRACTS—FORFEITURE.

Purchasers of motel property were not aggrieved by reason of vendors proceeding to forfeit the contract in accordance with its provisions and then effectuating the forfeiture by proceeding in equity rather than by foreclosing the contract in equity without declaration of notice of forfeiture.

Appeal from Oakland; Doty (Frank L.), J. Submitted October 10, 1961. (Docket No. 43, Calendar No. 48,566.) Decided December 1, 1961.

Bill by T. Vance Kefgen and Jessie Kefgen against Albert E. Coates, Jr., and Lucille P. Coates to enforce forfeiture of executory contract for sale of land and personal property. Decree for plaintiffs granting forfeiture and possession. Defendants appeal. Affirmed.

*Ingle & Ponder* (*Allen C. Ingle* and *Fred Romanoff*, of counsel), for plaintiffs.

*Robbins & Wechsler* (*Arthur L. Robbins* and *I. R. Starr*, of counsel), for defendants.

CARR, J. This is a suit in equity to enforce a forfeiture of an executory contract for the sale of land and personal property. The bill of complaint avers that on December 22, 1956, plaintiffs being in possession of a motel in Farmington Township, Oakland county, entered into an agreement in writing for the sale thereof to Frederick W. Kingston and wife as purchasers. Thereafter said purchasers executed a contract, dated October 1, 1957, to sell the property to defendants in the instant suit, Albert E. Coates and wife. Pursuant to the terms of such contract the vendees went into possession.

For reasons not material in the present controversy Frederick W. Kingston and wife assigned their sellers' interest in the contract with defendants to the plaintiffs. This transaction occurred on February 2, 1959. Shortly thereafter plaintiffs served upon defendants notice of intention to forfeit the contract for failure to make payments thereunder. This was followed by notice of forfeiture and the institution of an action of ejectment against defend-

ants in the Oakland circuit court. This case was dismissed in June following.

Under date of July 7, 1959, plaintiffs served defendants with a second notice of intention to forfeit the contract, and thereafter gave notice of such forfeiture. The present suit in equity was then instituted, plaintiffs asking for general equitable relief and specifically for an accounting, with sale of the property described in the contract between defendants and the Kingstons which had been assigned by the latter to plaintiffs, and a deficiency decree. Plaintiffs also sought the appointment of a receiver. Defendants filed answer to the bill of complaint denying the right of plaintiffs to the relief sought, and also filed a motion to dismiss the suit on the theory that plaintiffs, having declared a forfeiture of the contract, were not entitled to seek relief in equity. This motion was denied by the trial court, and plaintiffs' request for a receiver was also denied.

The contract between the Kingstons and defendants contained the following provision:

"If the purchaser shall fail to perform this contract or any part thereof, the seller immediately after such default shall have the right to declare the same forfeited and void, and retain whatever may have been paid hereon, and all improvements that may have been made upon the premises, together with additions and accretions thereto, and consider and treat the purchaser as his tenant holding over without permission and may take immediate possession of the premises, and the purchaser and each and every other occupant remove and put out. In all cases where a notice of forfeiture is relied upon by the seller to terminate rights hereunder, service of such notice shall be preceded by a notice of intent to forfeit the contract served at least 10 days prior thereto."

It thus appears that the contract involved in the instant suit expressly provided for forfeiture at the election of the seller if defendants failed to perform in accordance with their undertaking. It is not disputed that at the time the notice of forfeiture was served defendants were in default. It was the claim of the plaintiffs that on July 1, 1959, three weeks prior to the filing of the bill of complaint, the amount required to bring the contract up to date was $11,700.78. The trial judge before whom the matter was heard apparently considered the proceeding before him as one to enforce the forfeiture which had been declared by plaintiffs in accordance with the terms of the contract.

A decree was entered, presumably in accordance with plaintiffs' prayer for general equitable relief, reciting the absence of a contest on the part of the defendants and adjudging that the contract had been duly forfeited. In the exercise of equitable jurisdiction the court further decreed that defendants should be given 4 months after the entering of the decree within which to pay the amount due under the contract as of December 1, 1959, and that in default of said payment plaintiffs, without further notice to defendants, might take steps to obtain possession of the real and personal property described in said contract. Proceedings were accordingly stayed during the 4-month period specified. It is conceded that the right given by the decree of the trial court to pay the amount due under the contract was not exercised by the defendants. Defendants have appealed from the decree, stating in their brief that plaintiffs repossessed the motel property, including the personalty, under chancery court process, such action being taken, as it appears, after the expiration of the 4-month period allowed for purposes of redemption.

On behalf of the appellants it is insisted that the action of the plaintiffs in declaring a forfeiture of

the contract which is the subject matter of the litigation elected their remedy and could not invoke the aid of equity thereafter. They rely on the decision of this Court in *Chicago Boulevard Land Co.* v. *Apartment Garages,* 245 Mich 448. There the plaintiff after service of notice of forfeiture of a land contract sought to foreclose such contract in equity, seeking in such proceeding the right to recover any deficiency that might exist following sale. The Court pointed out the remedies of a vendor under a land contract in the event of default on the part of the vendee. In this connection it was said (p 450):

"On vendee's default in a land contract containing the usual forfeiture clause, vendor may treat the contract as continuing in force and sue at law upon it for payments due or bring action in equity for foreclosure of the vendor's lien and deficiency decree; or he may declare it forfeited. Ejectment or summary proceedings to regain possession are no part of forfeiture. *Crenshaw* v. *Granet,* 237 Mich 367. The purpose and effect of a valid declaration of forfeiture are to end the contract and discharge vendor of the duty to convey and vendee of duty to pay. Consequently, after forfeiture, action at law will not lie for recovery of any part of the purchase price. *Goodspeed* v. *Dean,* 12 Mich 352; LRA 1916C, 893, note. By the same token, suit in equity for foreclosure and deficiency decree cannot be maintained."

In the case cited the agreement was for the sale of real property only. In the case at bar not only the land on which the motel was located was agreed to be sold but also, in addition to the real estate, the furniture and equipment used in the operation of the motel. The contract, after describing the land to be conveyed, contained the following specific provision:

"together with all tenements, hereditaments, improvements and appurtenances, including all lighting fixtures, plumbing fixtures, shades, Venetian blinds,

curtain rods, storm windows, storm doors, screens, awnings, if any, and all personal property on premises, including items listed on the attached list, which is made part hereof, now on the premises, and subject to all applicable building and use restrictions, and easements, if any, affecting the premises."

In accordance with the provision above quoted, a list of personal property on the premises was set forth in the agreement, which specifically extended to and included "all personal property on the premises." Such list indicates that the personal property that defendants agreed to purchase was substantial and inferentially included furnishings and equipment necessary to the operation of the motel. The agreement did not specify the value of such personal property but merely stated the amount of the consideration for both realty and personalty.

It clearly appears from the record before us that the contract under consideration was not merely one for the sale and purchase of real property. On the contrary, it involved both realty and personalty, thus being of a different character than the undertaking involved in the case above cited on which appellants rely. We have here an indivisible contract for the forfeiture of which the parties specifically provided in case of default on the part of the purchasers.

In declaring such forfeiture plaintiffs did exactly what the contract specified might be done. Having taken such action they were faced with the problem of obtaining possession of both the realty and the personalty. Obviously the remedy by way of ejectment was not applicable, such action not lying for the recovery of personal property. Likewise, a summary proceeding before a circuit court commissioner could not have been maintained. Under the circumstances plaintiffs properly sought their remedy in a court of equity. In reaching such conclusion the trial judge relied on the case of *Doering* v. *Baker*,

277 Mich 683, wherein this Court recognized the general proposition that if a plaintiff has a right but is without an effective remedy at law he may resort to equity for the enforcement of such right.

In the present case no claim is made on behalf of appellants that title to the personal property passed to them at the time of the execution of the contract and the transfer of possession. It may be noted that the written agreement provided that:

"All the personal property, equipment, fixtures and furniture shall be kept in good condition but may be replaced as usage or wear and tear require it as long as the condition and value remain substantially the same."

Such a provision, as held in *Draper* v. *Nelson,* 254 Mich 380, 383, is inconsistent with a possible claim that title to the personalty passed to the purchasers. In construing a similar provision the Court in the cited case said:

"The seller may, however, reserve title in himself, and that, in effect, is what we think was here done. Plaintiff agreed to sell the personalty along with the real estate on certain conditions as to payment. It was not a severable contract (*Gates* v. *Gamble,* 53 Mich 181) unless made so by the contract thereafter executed. Title surely did not pass thereunder, although possession was at that time given. The purpose of the land contract was to more formally express the rights and obligations of the parties relative to such sale. The reference to the personalty therein, while peculiarly worded, negatives any intent that the title to it had passed to the defendant. A considerable payment had then been made, and, had it been intended that title would then pass, no allusion to it would have been made."

In *Pettiford* v. *Weisenthal,* 346 Mich 339, this Court affirmed a decree entered in circuit court granting an injunction to plaintiffs to enjoin summary

proceedings in connection with the forfeiture of a contract providing for the sale of real estate and personal property. In discussing the situation, it was said (p 345):

"It would appear elementary on review of the complicated dealings of the parties that the chancellor reached the only conclusion possible in this case. A circuit court commissioner has no jurisdiction to adjudge rights of possession or title to personal property (*Cunningham* v. *Kinyon,* 156 Mich 428). His jurisdictional authority in cases of this nature is limited to that which the legislature has conferred under the title of 'Summary proceedings to recover the possession of land' (CL 1948, § 630.12 *et seq.* [Stat Ann § 27.1986 *et seq.*]). 'In summary proceedings, as in other proceedings before him, the commissioner's jurisdiction is purely statutory' (*Rosenthal* v. *American Construction & Realty Co.,* 262 Mich 91, 95). When this executory instrument was offered in evidence before him, the commissioner should have dismissed the proceeding on his own motion, it being apparent on face thereof that he had no jurisdiction to determine rights of possession in or title to the single and indivisible package of realty and personalty described therein. It follows that his judgment, entered in statutory proceedings to obtain possession of land, became and is now no bar to the present bill."

In view of the nature of the contract involved, plaintiffs by declaring a forfeiture pursuant to the written agreement did not preclude their right to seek relief in a proper judicial proceeding for the purpose of effectuating such forfeiture. The procedure followed did not involve an election of remedies. Obviously such an election may not be made unless there is a choice of remedies. *Bryant* v. *Kenyon,* 123 Mich 151, 155; *Hansen* v. *Pere Marquette R. Co.,* 267 Mich 224, 227; *Viaene* v. *Mikel,* 349 Mich 533, 539. The contract being indivisible, and any cause of action thereunder being of like nature, resort to equity

for appropriate relief was proper. The trial judge was correct in so holding. The decree entered determined the rights of the parties, and any equitable rights or privileges to which the defendants might have claimed to be entitled were safeguarded by the provision allowing them, in effect, to defeat the forfeiture by paying the amount due under the contract within a 4-month period. Under the circumstances here presented the claim that the court of equity was without jurisdiction is untenable. *Negaunee Iron Co.* v. *Iron Cliffs Co.,* 134 Mich 264; *Keyworth* v. *Wiechers,* 273 Mich 347.

Appellants may not claim to have been aggrieved because of the failure on the part of plaintiffs to seek foreclosure of the contract in equity without declaration of a notice of forfeiture. The failure to pursue such remedy may not be asserted as a bar to the right to invoke the power of equity to grant relief by way of enforcement of the forfeiture of the indivisible contract under circumstances precluding the seeking of such remedy in a proceeding at law.

The decree of the trial court is affirmed, with costs to plaintiffs.

DETHMERS, C. J., and KELLY, BLACK, EDWARDS, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.