CAMPBELL v. NORTH WOODWARD BOARD OF REALTORS, INC.

Associations—Realtors—Voluntary Membership—Suspension—Review by Court.

> Suspension of plaintiff from active membership in a voluntary realtors' association upon a finding of unethical conduct will not be disturbed by court, where plaintiff pleaded no facts to support the charge that substantial justice was denied him and the proceeding had been conducted pursuant to the articles of the association agreed to by all its members.

Appeal from Oakland, Moore (Arthur E.), J. Submitted Division 2 October 10, 1968, at Lansing. (Docket No. 4,707.) Decided December 2, 1968.

Complaint by Ronald L. Campbell against North Woodward Board of Realtors, Inc., for injunctive relief from suspension by defendant of plaintiff from active membership. Defendant's motion for summary judgment granted. Plaintiff appeals. Affirmed.

Reference for Points in Headnote
6 Am Jur 2d, Associations and Clubs §§ 32, 33, 36, 37.

*James D. Wines · (Charles J. Porter,* of counsel),
for plaintiff.

*Maurice A. Merritt,* for defendant.

QUINN, P. J.   Prior to January 12, 1967, plaintiff
was a member of defendant, a nonprofit corporation.
On January 12, 1967 and after a hearing held pur-
suant to the by-laws of defendant, its ethics and ar-
bitration committee suspended plaintiff from active
membership for 6 months, assessed a fine of $2,000
against plaintiff, ordered him to pay costs of $215
and to pay a listing and sales commission to one
Hogan.   This action by the ethics and arbitration
committee became final and effective February 8,
1967.

Originally, the present action was commenced by
plaintiff to obtain injunctive relief against a prior
suspension on the basis that defendant failed to
comply with its by-laws in the proceeding which re-
sulted in that suspension.   That phase of this liti-
gation has been terminated by plaintiff's reinstate-
ment until January 12, 1967, a money judgment for
damages arising from wrongful suspension and sat-
isfaction of that judgment.

By stipulation, plaintiff filed an amended com-
plaint which contained a conglomerate attack on the
suspension order of January 12, 1967, and which
sought injunctive relief as to the suspension and
fine, and money damages for wrongful suspension.
Defendant moved to dismiss.   The trial court prop-
erly treated this as a motion for summary judgment
under GCR 1963, 117.2(1), and after hearing, this
motion was granted.

Plaintiff then moved for leave to file a second
amended complaint.   After hearing and examina-
tion of the proposed second amended complaint, the

trial court determined that the second amended complaint was essentially the same as the amended complaint and denied leave. Plaintiff appeals from the summary judgment and from denial of leave to file a second amended complaint.

Defendant is a voluntary organization. Contained in plaintiff's application for membership in defendant is the following:

"I agree to abide by its constitution, by-laws and rules and regulations, and the code of ethics of the National Association of Real Estate Boards. I irrevocably waive all claims against the board or any of its officers, directors or members, for any act in connection with the business of the board, and particularly as to its or their acts in electing or failure to elect, advancing, suspending, expelling, or otherwise disciplining me as an applicant, or as a member."

Article 7 of defendant's by-laws provides the machinery and procedure for processing charges of unethical conduct against members of defendant. The decision of the ethics and arbitration committee of defendant found that 3 of 5 charges of unethical conduct against plaintiff had been established. In neither his amended complaint nor his second amended complaint does plaintiff attack the substance of these findings. The attack is as to form, with one exception noted below. Nearly 100 years ago our Supreme Court announced the controlling rule for the situation here presented. In *Burton* v. *The St. George's Society of Detroit* (1873), 28 Mich 261, 262, the Supreme Court said:

"As these are all proceedings under articles agreed to by all the members, it is necessary to consider them without too much regard to any technicalities; and to follow substantial justice more than form."

In paragraph 25 of his second amended complaint, plaintiff pleaded that he "was prevented and precluded from introducing material evidence by the aforementioned judiciary, such evidence being necessary to prove his innocence." If plaintiff had pleaded the facts relied on to support this conclusion as required by GCR 1963, 111.1(1), a question of substantial justice would be presented. It is not presented on the pleading here reviewed.

Finally, plaintiff contends that the amended complaint states a cause of action because it alleges that the multi-listing agreement as conducted by defendant is in violation of state anti-trust laws.* No controlling authority is cited for this proposition, and we have found none. We are unable to read the statute relied on by plaintiff as being applicable to defendant and its operation.

Affirmed, with costs to defendant.

HOLBROOK and VANDER WAL, JJ., concurred.

---

* CL 1948, § 445.701 *et seq.* (Stat Ann 1962 Rev § 28.31 *et seq.*).