ETT AMBULANCE SERVICE CORPORATION v ROCKFORD
AMBULANCE, INC

Docket No. 150397. Submitted January 12, 1994, at Grand Rapids.
    Decided April 4, 1994, at 9:15 A.M.

E.T.T. Ambulance Service Corporation brought an action in the
Ionia Circuit Court against Rockford Ambulance, Inc., alleging
that the defendant, a nonprofit corporation that provides ambu-
lance service, was violating the Michigan Antitrust Reform
Act, MCL 445.771 *et seq.*; MSA 28.70(1) *et seq.,* in part because
it was offering a lower price for its service than the plaintiff, a
for-profit corporation that provides ambulance service, because
of its tax-exempt status. The plaintiff sought injunctive relief.
The court, James K. Nichols, J., granted summary disposition
for the defendant, finding no violation of the act. The plaintiff
appealed.

The Court of Appeals *held:*

1. The trial court properly found that no law prevents the
defendant from competing against a for-profit corporation and
that the Legislature allows nonprofit corporations to compete in
the ambulance business.

2. A claim alleging an attempt to monopolize must show
specific intent to control prices or destroy competition, preda-
tory or anticompetitive conduct directed toward accomplishing
the unlawful purpose, and a dangerous probability of success.
The claim must also allege that the antitrust violation was a
proximate cause of a special injury to the plaintiff's business or
property.

3. Nonprofit corporations are not exempt from violations of
the Michigan Antitrust Reform Act merely because they con-
duct business not for profit.

4. The plaintiff failed to state a claim on which relief can be
granted. The claim is unsupported by allegations of fact. Fur-
thermore, the defendant's conduct is not tantamount to preda-

REFERENCES

Am Jur 2d, Monopolies, Restraints of Trade, and Unfair Trade
    Practices, §§ 496, 503, 604 *et seq.,* 635.
See ALR Index under Ambulances; Nonprofit Organizations; Re-
    straints of Trade and Monopolies.

tory pricing. The defendant's ability to offer a lower price is a consequence of a superior product, business acumen, or historic accident rather than being an attempt to monopolize the market. The plaintiff has not alleged conduct that constitutes unfair competition.

5. The plaintiff has no right to equitable relief in this matter because it has no right to prevent nonprofit corporations from competing in the same market with for-profit corporations.

Affirmed.

1. Monopolies — Antitrust Violations — Pleading.

A claim alleging an attempt to monopolize must show specific intent to control prices or destroy competition, predatory or anticompetitive conduct directed toward accomplishing the unlawful purpose, and a dangerous probability of success; the claim must also allege that the antitrust violation was a proximate cause of a special injury to the plaintiff's business or property.

2. Monopolies — Predatory Pricing.

A firm engages in predatory pricing where it forgoes short-term profits in order to develop a market position such that the firm can later raise prices and recoup lost profits.

3. Monopolies — Antitrust Reform Act — Nonprofit Corporations.

Nonprofit corporations are not exempt from violations of the Michigan Antitrust Reform Act merely because they conduct business not for a profit (MCL 445.771 *et seq.*; MSA 28.70[1] *et seq.*).

4. Municipal Corporations — Ambulance Services — Emergency Medical Services Act — Nonprofit Corporations.

The emergency medical services act permits local units of government to provide ambulance services through contracts with private corporations and legal entities, including nonprofit corporations (MCL 333.1106, 333.20908[6], 333.20948[1]; MSA 14.15[1106], 14.15[20908][6], 14.15[20948][1]).

5. Monopolies — Nonprofit Corporations — For-Profit Corporations.

A for-profit corporation does not have a right to prevent nonprofit corporations from competing in the same market with the for-profit corporation.

*Warner, Norcross & Judd* (by *John H. Logie* and *Christopher C. Williams*), for the plaintiff.

*Cholette, Perkins & Buchanan* (by *Robert J. Riley*), for the defendant.

Before: MURPHY, P.J., and GRIFFIN and S. J. LATREILLE,* JJ.

MURPHY, P.J. Plaintiff appeals as of right from the trial court's order granting summary disposition under MCR 2.116(C)(8) in favor of defendant. We affirm.

Plaintiff is a for-profit corporation that provides ambulance service in Ionia County and adjacent communities. Defendant is a nonprofit corporation that currently provides ambulance service in Kent County. In 1991, both parties submitted bids to certain communities located in Ionia County. Plaintiff alleges that defendant submitted a bid that was below the actual cost of providing ambulance service.

Plaintiff filed a complaint claiming that it is being deprived of the right to engage in a true competitive market because defendant's tax-exempt status enables defendant to offer a lower bid. Plaintiff requested a permanent injunction to prevent defendant "from submitting bids to provide services, outside its own service area, to other municipal areas for which for-profit businesses are available, willing and able to provide the same services."

Defendant moved for summary disposition. The trial court denied the motion and allowed plaintiff to amend its complaint.

Plaintiff filed a first amended complaint that reasserted its claim for injunctive relief in count I and formulated a new claim for violation of the Michigan Antitrust Reform Act, MCL 445.771 *et seq.*; MSA 28.70(1) *et seq.*, in count II. Specifically,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiff claimed that defendant is engaging in predatory pricing and is attempting to establish an ambulance service monopoly in Ionia County for the purpose of excluding or limiting competition or controlling, fixing, or maintaining prices in violation of MCL 445.773; MSA 28.70(3). These allegations appeared to be based on defendant's ability to offer a lower price for its services because of its tax-exempt status.

Defendant moved for summary disposition under MCR 2.116(C)(8). Defendant argued that three exceptions to the Michigan Antitrust Reform Act, provided in MCL 445.774; MSA 28.70(4), apply to this case. At the hearing, the trial court granted the motion by finding nothing prevents defendant from competing against a for-profit corporation. Further, the trial court noted that the Legislature allows nonprofit corporations to compete in the ambulance business.

Plaintiff argues on appeal that its complaint clearly states a cause of action, under MCL 445.773; MSA 28.70(3), because the complaint alleges defendant is engaging in predatory pricing and is attempting to establish a monopoly. In addition, plaintiff maintains that the three exceptions provided in MCL 445.774; MSA 28.70(4) do not apply to this case.

A motion for summary disposition pursuant to MCL 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. All factual allegations supporting the claim are accepted as true, as well as any reasonable inferences or conclusions that can be drawn from the facts. *Meyerhoff v Turner Construction Co,* 202 Mich App 499, 502; 509 NW2d 847 (1993). However, the mere statement of a pleader's conclusions, unsupported by allegations of fact, will not suffice to state a cause of action. *Kramer v Dearborn Heights,* 197 Mich

App 723, 725; 496 NW2d 301 (1993). The motion should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery. *Transamerica Ins Group v Michigan Catastrophic Claims Ass'n,* 202 Mich App 514, 516; 509 NW2d 540 (1993).

Plaintiff claims defendant is attempting to establish a monopoly in violation of § 3 of the Michigan Antitrust Reform Act, MCL 445.773; MSA 28.70(3), which provides:

> The establishment, maintenance, or use of a monopoly, or any attempt to establish a monopoly, of trade or commerce in a relevant market by any person, for the purpose of excluding or limiting competition or controlling, fixing, or maintaining prices, is unlawful.

The term "trade or commerce" is defined in relevant part as "the conduct of a business for profit or not for profit producing or providing goods, commodities, property, or services." MCL 445.771(c); MSA 28.70(1)(c). The term "person" is defined as "an individual, corporation, business trust, partnership, association, or any other legal entity." MCL 445.771(a); MSA 28.70(1)(a). The Michigan Supreme Court has adopted the following definition of the term "monopoly":

> A monopoly, in the modern sense, is created when, as a result of efforts to that end, previously competing businesses are so concentrated in the hands of a single person or corporation, or a few persons or corporations acting together, that they have power to practically control the prices of commodities and thus to practically suppress competition. [*Attorney General, ex rel State Banking Comm'r v Michigan Nat'l Bank,* 377 Mich 481, 488-489; 141 NW2d 73 (1966).]

The Michigan antitrust laws were patterned after the Sherman Anti-Trust Act, 15 USC 1 *et seq. Barrows v Grand Rapids Real Estate Bd,* 51 Mich App 75, 83; 214 NW2d 532 (1974). An attempt to monopolize is a violation of § 2 of the Sherman Anti-Trust Act, 15 USC 2. A claim alleging an attempt to monopolize must show: "(1) specific intent to control prices or destroy competition; (2) predatory or anticompetitive conduct directed to accomplishing the unlawful purpose; (3) a dangerous probability of success." *Williams v Kleaveland,* 534 F Supp 912, 922 (WD Mich, 1981). The claim must also allege that the antitrust violation was a proximate cause of a special injury to the plaintiff's business or property. *Barrows, supra,* 95-96.

Here, plaintiff alleges that defendant is competing unfairly by engaging in predatory pricing. A firm engages in predatory pricing where it "foregoes short-term profits in order to develop a market position such that the firm can later raise prices and recoup lost profits." *Janich Bros, Inc v American Distilling Co,* 570 F2d 848, 856 (CA 9, 1977).

In *Campbell v North Woodward Bd of Realtors, Inc,* 14 Mich App 714, 717; 166 NW2d 12 (1968), this Court held that the Michigan antitrust laws, then 1948 CL 445.701 *et seq.,* did not apply to the defendant, who was a nonprofit corporation. In *Oleksy v Sisters of Mercy of Lansing, Michigan,* 74 Mich App 374, 381; 253 NW2d 772 (1977), the trial court apparently relied on *Campbell* and dismissed an antitrust count on the premise that antitrust laws do not apply to nonprofit corporations. However, the *Oleksy* panel found that the trial court did not need to discuss the merits of the antitrust claims. *Id.* We disagree with any interpretation of *Campbell* that maintains the antitrust laws do not

apply to nonprofit corporations. Although *Campbell* held the state antitrust laws of that time did not apply to the defendant, who was a nonprofit corporation, the Court did not establish that the antitrust laws were inapplicable merely because the defendant was a nonprofit corporation. Moreover, the current Michigan Antitrust Reform Act's definitions of "trade or commerce" and "person" indicate that the act applies to nonprofit corporations as well as for-profit corporations. Thus, it appears nonprofit corporations are not exempt from violations of the Michigan Antitrust Reform Act merely because they conduct business not for a profit.

This conclusion is supported by the analyses employed by those Courts that have considered whether nonprofit corporations have violated the Michigan antitrust laws. See *Hoffman v Garden City Hosp-Osteopathic,* 115 Mich App 773, 779-780; 321 NW2d 810 (1982); *Oleksy v Sisters of Mercy of Lansing, Michigan,* 92 Mich App 770, 781-785; 285 NW2d 455 (1979); *Barrows, supra,* 92-93. These opinions do not assert that the antitrust laws are inapplicable to nonprofit corporations. In addition, the federal courts have determined that nonprofit organizations can be held liable under the Sherman Anti-Trust Act. E.g., *Nat'l Collegiate Athletic Ass'n v Bd of Regents of the Univ of Oklahoma,* 468 US 85, 100, n 22; 104 S Ct 2948; 82 L Ed 2d 70 (1984).

In this case, the trial court granted summary disposition without specifying whether defendant fit within one of the exceptions provided in MCL 445.774; MSA 28.70(4). Rather, the trial court's decision was based on the finding that nothing prevented defendant from competing against a for-profit corporation. The trial court also recognized

that the Legislature allows nonprofit corporations to compete in the ambulance business.

We agree with the trial court that plaintiff failed to state a claim on which relief can be granted. Plaintiff's claim, that defendant is attempting to form a monopoly for the purpose of limiting competition and controlling prices, is unsupported by allegations of fact and will not suffice to state a cause of action. *Kramer, supra.* This claim is based on the allegation that defendant is engaging in predatory pricing by using its nonprofit status to submit bids that are lower than plaintiff's bids. We do not consider defendant's conduct to be tantamount to predatory pricing. The concept of predatory pricing is based on the premise that the actor eventually will raise prices and make a profit. See *Janich Bros, Inc, supra.* As a nonprofit corporation, defendant would not have the intent to offer a price below cost in order to raise prices and make a profit once the competition was driven out of the market. Defendant's ability to offer a lower price is a consequence of "a superior product, business acumen, or historic accident" rather than being an attempt to monopolize the market. *United States v Grinnell Corp,* 384 US 563, 570-571; 86 S Ct 1698; 16 L Ed 2d 778 (1966).

Further, plaintiff has shown no authority that prohibits nonprofit corporations from competing with for-profit corporations in the same market. Moreover, the emergency medical services act allows local units of government to provide ambulance services through contracts with "private corporations" and "legal entities," which implicitly includes nonprofit corporations like defendant. MCL 333.20948(1); MSA 14.15(20948)(1); MCL 333.20908(6); MSA 14.15(20908)(6); MCL 333.1106; MSA 14.15(1106). Thus, plaintiff's complaint fails

to allege conduct that constitutes unfair competition.

Plaintiff also argues that it has stated a cause of action for the equitable relief of an injunction against defendant. Plaintiff cites *Kefgen v Coates,* 365 Mich 56, 63; 111 NW2d 813 (1961), for the general proposition that "if a plaintiff has a right but is without an effective remedy at law he may resort to equity for the enforcement of such right." Injunctive relief is an extraordinary remedy that is granted only when (1) justice requires it, (2) there is no adequate remedy at law, and (3) there exists a real and imminent danger of irreparable injury. *In re Martin,* 200 Mich App 703, 723; 504 NW2d 917 (1993).

Plaintiff asserts that it is entitled to equitable relief because it has a right to compete in the ambulance service market without being undercut by defendant's bids below cost. In other words, plaintiff argues that it has a right to prevent nonprofit corporations from competing in the same market with for-profit corporations. Plaintiff cites no authority that establishes this right. We find plaintiff is not entitled to equitable relief for a right that does not exist. If plaintiff wishes to establish this right, then perhaps it would be more appropriate for plaintiff to direct its argument toward the Legislature.

Affirmed.