# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT TSCHIRHART, MISTY A. PRILL,
CECI PRATT, LELAND PRATT, MADALYN
O'CONNOR, CHRISTOPHER A. NATZEL,
SHIRLEY A. MURRAY, DUSTIN R. MAURER,
MARILYN R. MCALLISTER, JANEL
MAYWORM, ANN MINNICK MASSEY,
DOLORES LEONARD, MICHAEL J. KOHLER,
KENNETH A. HACKER, SR., ESTHER EVANS,
SAMUEL M. GAGE, RUTH ANN ETZLER,
LEONARD J. ETZLER, WILLIAM H.
EPPENBROCK, PETER B. CAPLING, SUE
CAPLING, ROBERT R. BECHTEL, JAMES A.
BRAUN, and TODD A KLOSKA,

        Plaintiffs-Appellees,

v

PAMAR ENTERPRISES, INC.,

        Defendant-Appellant,

and

CITY OF BAD AXE, CITY OF BAD AXE
DEPARTMENT OF PUBLIC WORKS, and CITY
OF BAD AXE WASTE WATER TREATMENT
FACILITY,

        Defendants.

UNPUBLISHED
June 28, 2016

No. 327125
Huron Circuit Court
LC No. 14-105257-NZ

Before: MURPHY, P.J., and SAAD and BORRELLO, JJ.

PER CURIAM.

-1-

This action stems from plaintiffs' claims that defendant Pamar Enterprises and the three municipal defendants[1] negligently caused damage to their homes and negligently inflicted emotional distress upon them. The trial court entered an order denying defendant's motion for partial summary disposition pursuant to MCR 2.116(C)(8) (failure to state a claim) with respect to the negligence infliction of emotional distress claim. Defendant appeals by leave granted.[2] For the reasons set forth in this opinion, we reverse and remand for entry of an order of partial summary disposition in favor of defendant.

## I. FACTUAL BACKGROUND

Plaintiffs are 24 individuals that reside in or own property in Bad Axe, Michigan. They alleged that in 2013, the Michigan Department of Transportation (DOT) contracted with defendant to perform asphalt resurfacing and other road construction tasks on highway M-53 within the city of Bad Axe. According to plaintiffs, defendant closed off the roadway, removed the roadway surface leaving a sunken gravel base, and cut the sanitary sewer system openings level with the ground. On July 6 and 8, 2013, plaintiffs asserted, the Bad Axe area received heavy rainfall, and rainwater accumulated in the worksite and entered the sanitary sewer system because of the roadway construction. The large amount of water that entered the sewer system allegedly caused sewage and water to backup into plaintiffs' homes.

Plaintiffs alleged negligence, contending that defendant's construction method and failure to monitor the worksite caused the water and sewage damage to their property. Plaintiffs also alleged negligent infliction of emotional distress (NIED), asserting that they suffered anxiety and sleep loss due to worry about future backups and emotional trauma with respect "to lost irreplaceable heirlooms, memorabilia, and livelihoods." They also alleged that they might have suffered other injuries and physical manifestations that would be uncovered during the course of discovery.

Defendant moved for partial summary disposition under MCR 2.116(C)(8) alleging that the NIED claim should be dismissed, arguing that Michigan caselaw does not recognize damages for NIED arising from economic losses. Plaintiffs countered that their complaint asserted noneconomic damages resulting from NIED, making the caselaw cited by defendant distinguishable. They further asserted that their NIED claim was about the emotional toll the sewage backups had on them, not about damaged property.

The trial court denied defendant's motion, concluding that "there's a distinction . . . between the damages in the case that [defendant] cited and . . . what's being sought here . . . ." Defendant then again moved for summary disposition under both MCR 2.116(C)(8) and (10) and also filed an application for leave to appeal with this Court, arguing that the trial court erred in

---

[1] Because only defendant Pamar Enterprises has appealed, all references to "defendant" in this opinion refer only to it.

[2] *Tschirhart v Pamar Enterprises, Inc*, unpublished order of the Court of Appeals, entered September 10, 2015 (Docket No. 327125).

denying its first motion for partial summary disposition. This Court then granted leave to appeal and limited it to the issues raised in defendant's application and supporting brief.[3] The trial court reserved its ruling on the second motion for summary disposition pending the resolution of this appeal.

## II. ANALYSIS

We review de novo a trial court's decision on a motion for summary disposition. *Oliver v Smith*, 290 Mich App 678, 683; 810 NW2d 57 (2010). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the claim on the pleadings alone to determine whether the plaintiff has stated a claim on which relief may be granted." *Maple Grove Twp v Misteguay Creek Intercounty Drain Bd*, 298 Mich App 200, 206; 828 NW2d 459 (2012) (citation and internal quotation marks omitted). "All factual allegations supporting the claim are accepted as true, as well as any reasonable inferences or conclusions that can be drawn from the facts." *ETT Ambulance Serv Corp v Rockford Ambulance, Inc*, 204 Mich App 392, 395; 516 NW2d 498 (1994). "However, the mere statement of a pleader's conclusions, unsupported by allegations of fact, will not suffice to state a cause of action." *Id*.

In *Price v High Pointe Oil Co, Inc*, 493 Mich 238; 828 NW2d 660 (2013), our Supreme Court held that noneconomic damages are not recoverable in cases premised on a claim of negligent destruction of property, explaining as follows:

> The measure of damages for negligent injury to real property, if permanent and irreparable is the difference between its market value before and after the damage. Accordingly, the long-held common-law rule in Michigan is that the measure of damages for the negligent destruction of property is the cost of replacement or repair. *Because replacement and repair costs reflect economic damages, the logical implication of this rule is that the measure of damages excludes noneconomic damages and the latter are not recoverable for the negligent destruction of property.* [*Id*. at 246-248 (quotation marks and citations omitted) (emphasis added).]

In this case, reading plaintiffs' complaint as a whole, it is apparent that, with respect to the NIED claim, plaintiffs alleged that defendants acted in a negligent manner, that the negligence caused damage to their homes, and that the damage to the homes in turn, caused them to suffer emotional distress. See *Adams v Adams*, 276 Mich App 704, 710-711; 742 NW2d 399 (2007) (noting that "[i]t is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim.") Specifically, plaintiffs alleged that they had "sewage flow into their homes

---

[3] Defendant argues in its brief on appeal that summary disposition should be granted under MCR 2.116(C)(10). However, defendant based its application for leave to appeal solely on MCR 2.116(C)(8); consequently, we decline to address defendant's argument relating to MCR 2.116(C)(10).

because of [defendant's] negligence," that plaintiffs were "anxious regarding additional sewage backup in their basements. . ." that plaintiffs lost sleep "due to worry about future sewage backups," and that plaintiffs "suffered emotional trauma with respect to lost irreplaceable heirlooms, memorabilia, and livelihoods." Plaintiffs also alleged that they "have suffered other injuries and physical manifestations which will be discovered during the course of discovery in this matter." The gravamen of these claims arise from the alleged damage that defendant caused to plaintiffs' properties. Thus, plaintiffs sought noneconomic damages arising from damage to property and, accepting all of the allegations in the complaint as true, plaintiffs have failed to assert a claim on which relief can be granted. *Price*, 493 Mich at 246-248. Because we are bound by our Supreme Court's decision in *Price*, we must find that defendant was entitled to summary disposition with respect to the NIED claim. *Maple Grove Twp*, 298 Mich App at 206.

Moreover, plaintiffs' NIED claim fails to allege facts relevant to any of the four elements required to establish a prima facie claim of NIED. "Michigan has recognized a cause of action based on negligence in a parent who witnesses the negligent infliction of injury to his or her child and suffers emotional distress as a consequence." *Wargelin v Sisters of Mercy Health Corp*, 149 Mich App 75, 80; 385 NW2d 732 (1986) (citations omitted). The four elements of NIED are:

> (1) the injury threatened or inflicted on the third person must be a serious one, of a nature to cause severe mental disturbance to the plaintiff; (2) the shock must result in actual physical harm; (3) the plaintiff must be a member of the immediate family, or at least a parent, child, husband or wife; and (4) the plaintiff must actually be present at the time of the accident or at least suffer shock fairly contemporaneous with the accident. [*Id*. (quotation marks and citations omitted).]

In this case, plaintiffs did not allege facts to support any of these elements. First, plaintiffs do not allege that the sewage backup physically inflicted a serious injury on any third person. Instead, plaintiffs base their claim entirely on distress caused by harm to their real and personal property. Second, plaintiffs do not allege that they suffered any physical harm because of the shock of witnessing an injury to a third person. Instead, plaintiffs allege anxiety about future overflows, lost sleep, and emotional trauma. Their assertion that plaintiffs "may have suffered other injuries and physical manifestations which will be discovered during the course of discovery" is entirely speculative. Furthermore, any physical manifestation that plaintiffs might suffer from is not connected to their witnessing of harm to a third party. Third, plaintiffs' failure to identify a third party necessarily means that they have no close familial relationship with any such party. Fourth, plaintiffs do not allege that they contemporaneously witnessed any accident, i.e., any physical injury to a third party caused by the sewer backup. In short, plaintiffs did not assert facts supporting any of the elements of NIED. *Wargelin*, 149 Mich App at 81.

In sum, there is no factual development that could support plaintiffs' theory of recovery with respect to their NIED claim; accordingly, the trial court erred in denying defendant's motion for partial summary disposition as to that claim under MCR 2.116(C)(8).

Reversed and remanded for entry of an order granting partial summary disposition in favor of defendant. No costs awarded. MCR 7.219(A). We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Henry William Saad
/s/ Stephen L. Borrello