# STATE OF MICHIGAN

# COURT OF APPEALS

ARNOLD D. DUNCHOCK,

      Plaintiff-Appellant,

v

CITY OF CORUNNA,

      Defendant-Appellee.

UNPUBLISHED
May 29, 2018

No. 338680
Shiawassee Circuit Court
LC No. 17-009517-NZ

Before: MURRAY, C.J., and SERVITTO and BOONSTRA, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting defendant summary disposition under MCR 2.116(C)(8) (failure to state a claim upon which relief can be granted). We affirm.

## I. FACTS

This is the fourth action brought by plaintiff against defendant. Each case has involved certain parcels of land owned by plaintiff or his wife. Plaintiff, in essence, argued that defendant had improperly inflated property tax figures in a deliberate attempt to gain control of his properties. Upon the filing of the complaint in this matter, the trial court, sua sponte, issued an order for plaintiff to show cause why it should not grant summary disposition to defendant. It recounted the previous cases involving the parties and noted that plaintiff's filings were "frequently unintelligible" and lacking a clear purpose. Further, the trial court explained that plaintiff's filings lacked citations to authority and that the complaint in this matter was "neither clear, concise, nor direct." Accordingly, the trial court issued an order requiring plaintiff to submit a brief, conforming to MCR 2.116 and 2.119, and explaining why it should not grant summary disposition to defendant under MCR 2.116(C)(8) and (10). The order required that the brief be submitted prior to 4:00 p.m. on May 12, 2017, and that it "include citations to appropriate authority, and sufficient analysis to support the relief requested." Plaintiff failed to file a brief, and the trial court issued an order dismissing the case under MCR 2.116(C)(8).

## II. ANALYSIS

On appeal, plaintiff argues that the trial court improperly granted summary disposition to defendant because defendant improperly assessed property taxes on plaintiff's building in order to take control of the buildings. We find no merit to this argument.

-1-

An issue "raised before and addressed by the trial court" is preserved for appellate review. *Steward v Panek*, 251 Mich App 546, 551 n 6; 652 NW2d 232 (2002). The trial court did not address whether defendant had properly levied property taxes against plaintiff's buildings. Therefore, this issue is unpreserved, and we review it for plain error. *Duray Dev, LLC v Perrin*, 288 Mich App 143, 150; 792 NW2d 749 (2010). "Plain error occurs at the trial court level if (1) an error occurred (2) that was clear or obvious and (3) prejudiced the party, meaning it affected the outcome of the lower court proceedings." *Id*.

A trial court may grant summary disposition under MCR 2.116(C)(8) when a "party has failed to state a claim on which relief can be granted." In reviewing a motion brought under this rule, the court considers the pleadings alone. *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013). "All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Johnson v Pastoriza*, 491 Mich 417, 435; 818 NW2d 279 (2012). "However, the mere statement of a pleader's conclusions, unsupported by allegations of fact, will not suffice to state a cause of action." *ETT Ambulance Serv Corp v Rockford Ambulance, Inc*, 204 Mich App 392, 395; 516 NW2d 498 (1994).

In his complaint, plaintiff alleged that defendant had "manufactured [tax] numbers that are calculated to produce foreclosure" but did not allege specific amounts that were "manufactured" or what the purportedly appropriate taxes should be. Plaintiff did not include a reference to a statute violated by defendant, or, in fact, any authority. The closest the complaint comes to citing current authority is to mention "the foreclosure statute," without citation, and that defendant attempted to misuse it. He also asserted that "Michigan statutory law allows, upon foreclosure, for land to cede to the State of Michigan, but with the option for the taxing unit, here the defendant, to exercise certain alternative options." In other words, plaintiff stated his "conclusions, unsupported by allegations of fact," *ETT Ambulance Serv Corp*, 204 Mich App at 395. Therefore, the trial court did not err when it granted summary disposition to defendant under MCR 2.118(C)(8).

Plaintiff also argues that the trial court was biased against him. To establish judicial bias, a party "must overcome a heavy presumption of judicial impartiality." *Cain v Dep't of Corrections*, 451 Mich 470, 497; 548 NW2d 210 (1996). A judge's rulings against a party do not, by themselves, constitute bias unless the rulings show "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. at 496 (citation and emphasis omitted). A judge may also be disqualified if he or she "has failed to adhere to the appearance of impropriety standard set forth in Canon 2 of the Michigan Code of Judicial Conduct." MCR 2.003(C)(1)(b).

Here, in its show-cause order, the trial court noted that plaintiff's filings were difficult to decipher. However, these statements do not reflect "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Cain*, 451 Mich at 496 (citation and emphasis omitted). The statement simply reflects the repeated difficulty the trial court experienced in attempting to discern the purpose and meaning behind plaintiff's pleadings. Moreover, the trial court, in Lower Court Docket No. 16-008610-CZ, gave plaintiff the opportunity to file a brief containing citations to authority and gave plaintiff another opportunity to do so in the instant case. That the trial court afforded plaintiff such opportunities demonstrates that it was not biased against plaintiff, and thus plaintiff cannot "overcome [the] heavy presumption of judicial impartiality."

*Cain*, 451 Mich at 497. And, although the trial court issued the show-cause order sua sponte, a motion need not be before the trial court for it to grant summary disposition; the trial court may grant summary disposition if a party is entitled to judgment as a matter of law based on the pleadings. *Boulton v Fenton Twp*, 272 Mich App 456, 462-463; 726 NW2d 733 (2006); MCR 2.116(I)(1). Accordingly, plaintiff has not shown that the trial court was biased against him.

Finally, plaintiff asserts that the trial court deprived him of his First Amendment right to petition the government. In his brief on appeal, plaintiff fails to cite any authority for his arguments, with the exception of a passing reference to the First Amendment. "An appellant may not . . . simply announce a position or assert an error and then leave it to this Court to discover and rationalize the basis for the appellant's claims, unravel and elaborate upon the arguments, and search for authority to support his or her position." *1031 Lapeer LLC v Rice*, 290 Mich App 225, 233-234; 810 NW2d 293 (2010). Plaintiff has thus abandoned this argument on appeal. *Id*.

Affirmed.


/s/ Christopher M. Murray
/s/ Deborah A. Servitto
/s/ Mark T. Boonstra

-3-