*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES EDWARD WHITE,

　　　　　Plaintiff-Appellant,

v

STATE OF MICHIGAN, MICHIGAN SUPREME
COURT, and SUPREME COURT CLERK,

　　　　　Defendants-Appellees.

UNPUBLISHED
May 16, 2024

No. 365597
Court of Claims
LC No. 22-000153-MZ

Before: JANSEN, P.J., and MURRAY and O'BRIEN, JJ.

PER CURIAM.

Plaintiff appeals by right the order granting summary disposition in favor of defendants, and dismissing plaintiff's claims pursuant to MCR 2.116(C)(8). We affirm.

This case arises from plaintiff's desire to recover certain credit-card processing fees related to plaintiff (acting *in propria persona*) electronically filing through the MiFILE electronic filing system separate applications in the Supreme Court for leave to appeal orders relating to his claims for unemployment benefits. The MiFILE system charged plaintiff $386.25 for each case filing in Docket Nos. 163548 and 163562, respectively. For each, $375 was the Court's filing fee, and $11.25 was a credit-card service fee charged by a third-party credit-card vendor. Plaintiff wrote a letter to the Clerk of the Supreme Court asserting that, in light of MCL 421.31, he was "being charged fees that the Supreme Court should not be charging," and that "there [was] no option for the MCL 421 cases that avoid[ed] the charges" when using the MiFILE system.[1] Plaintiff's letter

---

[1] The MiFILE electronic filing system is operated and maintained by the third-party company, ImageSoft. Self-represented parties are not required to use electronic filing, but users of the MiFILE system must register for, and create, a MiFILE account before they are permitted to access its services. By registering, users are bound by the TrueFiling End User License Agreement, and the MiFILE Terms of Use. These agreements and terms, as well as the MiFILE Quick Reference Guide, and "Answers to Common Filer Questions" in the "Help" section of MiFILE, all state that

included quoted language from the Michigan Employment Security Act, MCL 421.1 *et seq.*, stating that "[n]o individual claiming benefits shall be charged fees of any kind in any proceeding under this act by the commission or its representatives or by any court or any officer thereof." MCL 421.31. On October 19, 2021, defendants directed MiFILE to refund plaintiff a total of $750, which covered the two $375 filing fees, but the two credit-card service fees, totaling $22.50, were not refunded.

Plaintiff commenced this action in the Court of Claims alleging that, pursuant to MCL 421.31 and MCL 600.1990, defendants were required to reimburse him for the credit-card servicing fees of $11.25 for each of the two applications he filed using the MiFILE system. Plaintiff also sought damages of "$1,000 for the time, energy, aggravation, hassles, pain and suffering, etc." for plaintiff's "ongoing effort" to recover these credit-card service fees, along with "$6,000,000 in punitive damages for a system that appears to be intentionally built and maintained to violate the law (MCL 421.31) and actively discourage citizens of the State of Michigan from claiming their due and just unemployment claims."

Defendants moved to dismiss plaintiff's claim pursuant to MCR 2.116(C)(7) (immunity granted by law) and (C)(8) (failure to state a claim). The Court of Claims agreed with defendants that plaintiff failed to present a cognizable claim, because neither statute cited by plaintiff provided plaintiff with a private claim of recovery, nor required courts to return service fees charged by the credit-card merchant for electronic filing. The court further stated that, in light of its decision to grant defendants' motion for summary disposition on the ground that plaintiff failed to present a valid claim, the court did not need to reach and decide the question of defendants' governmental immunity.

On appeal, plaintiff argues that, under MCL 421.31, defendants, through the MiFILE system, erroneously charged him filing fees for the initiation of his two appeals, and thus were also required to refund any attendant credit-card fees. Moreover, plaintiff characterizes himself as a "prevailing party" for having obtained a refund of $750 from defendants for his erroneously charged filings fees, and asserts that he is also entitled to be refunded the attendant $22.50 in credit-card service fees pursuant to MCL 600.1990. Finally, plaintiff argues that the court erroneously ignored his request for a jury trial in violation of both the state and federal Constitutions.

We review a trial court's decision on a motion for summary disposition de novo. *Marchyok v Ann Arbor*, 260 Mich App 684, 686; 679 NW2d 703 (2004). Summary disposition under MCR 2.116(C)(8) is appropriate if the opposing party fails to state a claim upon which relief may be granted. *Henry v Dow Chem Co*, 473 Mich 63, 71; 701 NW2d 684 (2005). This occurs "when a claim is so clearly unenforceable as a matter of law that no factual development could possibly

---

if the court refunds a payment charged for a filing, the credit-card merchant processing fees, which are directly paid to, and collected by, the credit-card merchant, are nonrefundable. As the Clerk of the Supreme Court explained, "[t]he credit card merchant charges the credit card service and processing fees," and the Clerk "does not charge, collect or retain the credit card service or processing fees."

justify recovery." *Gorman v Am Honda Motor Co, Inc*, 302 Mich App 113, 131-132; 839 NW2d 223 (2013). "A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the complaint and allows consideration of only the pleadings." *MacDonald v PKT, Inc*, 464 Mich 322, 332; 628 NW2d 33 (2001). "For purposes of reviewing a motion for summary disposition under MCR 2.116(C)(8), all well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Ernsting v Ave Maria College*, 274 Mich App 506, 509; 736 NW2d 574 (2007). "However, the mere statement of a pleader's conclusions, unsupported by allegations of fact, will not suffice to state a cause of action." *ETT Ambulance Serv Corp v Rockford Ambulance, Inc*, 204 Mich App 392, 395-396; 516 NW2d 498 (1994).

MCL 600.1986 provides the following in relevant part:

(1) Beginning March 1, 2016, if a fee for commencing a civil action is authorized or required by law, in addition to that fee, the clerk shall also collect an electronic filing system fee, subject to section 1993, as follows:

\* \* \*

(5) The clerk may accept automated payment of any fee being paid to the court. If the bank or other electronic commerce business charges the court or court funding unit a merchant transaction fee, the clerk may charge the person paying the fee an additional automated payment service fee as authorized by the state court administrative office.

MCL 421.31 provides the following in relevant part:

No individual claiming benefits shall be charged fees of any kind in any proceeding under this act by the commission or its representatives or by any court or any officer thereof. Any individual claiming benefits in any proceeding before the commission or a court may be represented by counsel or other duly authorized agent; but no such counsel or agents shall either charge or receive for such services more than an amount approved by the commission.

MCL 600.1990 states that "[a]ny electronic filing system fee paid by a party is a recoverable taxable cost."

Plaintiff argues that MCL 421.31, when read in conjunction with MCL 600.1990, requires defendants to reimburse him for the credit-card service fees of $22.50 that were charged when he used the MiFILE system to file his two applications in the Supreme Court. Plaintiff reasons that he never would have been charged the credit-card service fees if the MiFILE system did not erroneously charge plaintiff $375 for each of the appeals he filed, and asserts that, when defendants "break[] the law resulting in additional charges to its victim, equity demands compensation." Plaintiff maintains that it was defendants' legal duty under MCL 421.31 not to charge plaintiff for his filings, and thus that defendants should reimburse "the erroneously paid credit card service fees." Plaintiff additionally argues that the electronic filing system is "built and continued with gross negligence" resulting in the erroneous charging of filing and credit-card service fees, and

that defendants should be responsible for ensuring that "those costs are undone." According to plaintiff, because MiFILE advertises that there are three kinds of cases for which there is no initiation fee, it thus could "obviously have a $0.00 case initiation option for MCL 421.31 cases," but defendants have nonetheless failed to ensure that the system would not charge any fees for the initiation of actions under MCL 421.31.

However, a third-party vendor, not defendants, charged plaintiff the credit-card servicing fees of $22.50. The plain language of MCL 421.31 and MCL 600.1990 neither requires defendants to reimburse plaintiff for credit-card service fees he was charged when he paid unnecessary filing fees for his appeals through the MiFILE system, let alone authorizes a claim for recovery of such fees.[2] MCL 421.31 only prevents the charging of fees by the Unemployment Compensation Review Commission or "by any court or any officer thereof." It does not govern the charging of fees by third-party credit-card servicing companies. Here, it was neither the Supreme Court nor any officer thereof who charged the credit-card service fees to plaintiff, but rather, as noted, a third-party vendor. The plain language of MCL 421.31 does not preclude credit-card servicing companies from charging fees for processing payments remitted through MiFILE, nor does it require those companies to refund such fees in any situation.

Further, the plain language of MCL 600.1990 provides only that "[a]ny electronic filing system fee paid by a party is a recoverable taxable cost." Pursuant to MCR 2.625(A)(1), "[c]osts will be allowed to the prevailing party in an action, unless prohibited by statute or by these rules or unless the court directs otherwise, for reasons stated in writing and filed in the action." Thus, MCL 600.1990 provides an avenue to recover electronic filing fees as a cost only when a party has prevailed in litigation. *Beach v State Farm Mut Auto Ins Co*, 216 Mich App 612, 622; 550 NW2d 580 (1996). Plaintiff asserts that by refunding his $750 in filing fees, defendants understood that the filing fees should not have been charged pursuant to MCL 421.31, and thus that he had in fact "prevailed in the refund request" for purposes of MCL 600.1990. However, plaintiff did not prevail in any *litigation* against defendants, and thus MCL 600.1990 does not support plaintiff's claim that MCL 421.31 requires defendants to reimburse him for the credit-card service fees. Because the words of MCL 421.31 and MCL 600.1990 provide the most reliable evidence of the Legislature's intent, we will not entertain plaintiff's speculation regarding intent beyond those words. Because plaintiff failed to present any facts or law demonstrating that the Legislature intended MCL 421.31 and MCL 600.1990 to provide a private cause of action for recovering credit-card servicing fees, we decline the invitation to infer a private cause of action under either statute.

The trial court properly determined that it could "disregard the labels given to [plaintiff's] claims and instead read the complaint as a whole, seeking the gravamen of the claims." See *Trowell v Providence Hosp & Med Ctrs, Inc*, 502 Mich 509, 520; 918 NW2d 645 (2018). In doing this, the court found that plaintiff's underlying claim was for "the recovery of money given to the

---

[2] The primary goal of statutory interpretation is to give effect to the Legislature's intent as conveyed by the plain language of the statute. *Kemp v Farm Bureau Gen Ins Co of Mich*, 500 Mich 245, 252; 901 NW2d 534 (2017).

Court in error where some of the money received was wrongfully retained," and was therefore "akin to a claim for conversion."

"Conversion, both at common law and under a statute, is defined as any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein." *Magley v M & W Inc*, 325 Mich App 307, 315; 926 NW2d 1 (2018) (quotation marks and citation omitted). Here, the trial court correctly found that defendants had not converted any funds, because the funds that plaintiff claimed were wrongfully retained were not retained by defendants, but by the credit-card servicing company, who was not a party to this action. Further, as previously stated, all users of the MiFILE system are informed up front that the credit-card service fees are not reimbursable, even when filing fees are refunded. Plaintiff thus failed to state a claim under a theory of conversion.

Affirmed.

/s/ Kathleen Jansen
/s/ Christopher M. Murray
/s/ Colleen A. O'Brien