*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ELIJAH ELEBY,

Plaintiff-Appellant,

v

DETROIT LAND BANK AUTHORITY,

Defendant-Appellee.

UNPUBLISHED
March 13, 2026
11:54 AM

No. 373443
Wayne Circuit Court
LC No. 24-010323-CZ

Before: MALDONADO, P.J., and M. J. KELLY and BAZZI, JJ.

PER CURIAM.

Plaintiff, Elijah Eleby, appeals as of right the trial court's opinion and order granting summary disposition to defendant, the Detroit Land Bank Authority (DLBA), under MCR 2.116(C)(8) for failure to state a claim on which relief can be granted. We affirm the trial court's grant of summary disposition, vacate the portion of the trial court's order that found plaintiff's claim was moot, and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

This case arises out of nuisance abatement actions taken by defendant. Plaintiff owned a home located at 3535 Springle Street and the immediate adjacent lot located at 3545 Springle Street in Detroit. Before filing a nuisance action, defendant sent an investigator to document the property's condition. The investigator took photographs of plaintiff's home from the street but also walked up the driveway on the adjacent lot to take photographs of the back of the home. After conducting its investigation, defendant brought a nuisance abatement action alleging that the home on the property was vacant and a blighted structure that constituted a threat to the health and safety of the public.

Plaintiff filed a counterclaim, including a claim under 42 USC 1983 for the alleged violation of his Fourth Amendment right against unreasonable search and seizure.[1] Plaintiff alleged that "[i]n the course of conducting its 'nuisance abatement' program, [defendant] regularly conduct[ed] warrantless searches of the back yards of houses in Detroit, and its agents regularly trespass[ed] on private property for the purpose of conducting those searches." More specifically, plaintiff alleged that defendant would send its agents to privately-owned residential properties classified as vacant in the United States Postal Service database where agents would take photographs of the property, complete a checklist of alleged code violations, and complete a form affidavit that defendant would then attach to its complaint. With regard to plaintiff's property, plaintiff alleged that, on June 22, 2023, defendant conducted a warrantless search of the curtilage of his home when defendant's agent, Alan Lossing, took photographs of his home from his driveway on the immediately adjacent lot.

In lieu of an answer, defendant moved for summary disposition under MCR 2.116(C)(7) and MCR 2.116(C)(8).[2] Defendant argued that plaintiff failed to state a claim under § 1983 because plaintiff did not sufficiently allege that defendant had an unlawful official policy or a custom of tolerance of or acquiescence to federal rights violations. As described in defendant's brief in support of its motion for summary disposition, defendant "instructs its contractors to take photographs of the rear of blighted and abandoned residential structures in Detroit to determine whether nuisance abatement action is warranted." Defendant argued that this policy was not unconstitutional.

Plaintiff argued that accepting the factual allegations in his complaint as true and construing them in the light most favorable to him as the non-moving party, he had adequately pleaded a claim under § 1983 by alleging that defendant regularly conducts warrantless searches of the backyards of residential properties and that its agents regularly trespass on private property to conduct those searches. Plaintiff asserted that this clearly violated the Fourth Amendment's prohibition against unreasonable search and seizure. Further, plaintiff argued that defendant improperly relied on evidence beyond the complaint to support its motion under MCR 2.116(C)(8) and its argument that the home was abandoned.

The trial court granted summary disposition, concluding that plaintiff had not alleged that defendant interfered with his "possessory interests" in his property or made factual allegations to support a claim that defendant's "interference was unreasonable." Relying on *Long Lake Twp v Maxon*, 513 Mich 101; 15 NW3d 118 (2024), the trial court reasoned that defendant may have had a custom or policy of routinely sending contractors to conduct inspections of properties to determine whether they are abandoned or comply with nuisance ordinances, but that these searches were not unreasonable in the context of a civil nuisance abatement action. Accordingly, plaintiff failed to demonstrate that defendant's alleged policy or custom of conducting warrantless searches

---

[1] The trial court granted plaintiff's motion to sever the counterclaim, leading to the independent action from which this appeal was taken.

[2] Defendant's motion for summary disposition addressed several claims; however, plaintiff dismissed all claims other than his Fourth Amendment claim under 42 USC 1983. The Fourth Amendment claim is the only claim addressed in this appeal.

was "the moving force" behind the constitutional violation to establish liability under § 1983. Moreover, the trial court concluded that any Fourth Amendment violation was moot because exclusion of evidence was the principal remedy to deter Fourth Amendment violations and defendant had already dismissed its nuisance abatement action.

Plaintiff now appeals.

## II. ANALYSIS

### A. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Under MCR 2.116(C)(8), summary disposition is warranted if the "opposing party has failed to state a claim on which relief can be granted." "A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim based on the factual allegations in the complaint." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion under MCR 2.116(C)(8) may be granted only when the claims alleged "are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. *Johnson v Pastoriza*, 491 Mich 417, 435; 818 NW2d 279 (2012). The trial court must decide the motion on the pleadings alone, and all well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmoving party. *El-Khalil*, 504 Mich at 160; MCR 2.116(G)(5). However, "the mere statement of a pleader's conclusions, unsupported by allegations of fact, will not suffice to state a cause of action." *ETT Ambulance Serv Corp v Rockford Ambulance, Inc*, 204 Mich App 392, 395; 516 NW2d 498 (1994).

### B. FOURTH AMENDMENT CLAIM UNDER 42 USC 1983

Plaintiff argues on appeal that the trial court erred when analyzing his Fourth Amendment claim. The underlying question is whether the trial court erred by concluding that plaintiff failed to state a claim on which relief can be granted and by dismissing plaintiff's claim under MCR 2.116(C)(8). Although we may agree with plaintiff's arguments on appeal that the trial court erred in its Fourth Amendment analysis, we nonetheless conclude that plaintiff failed to state a claim on which relief can be granted.

At the outset, we address the trial court's reliance on items beyond the pleadings when considering defendant's motion for summary disposition. MCR 2.116(G)(5) provides that "[o]nly the pleadings may be considered when a motion is based on subrule (C)(8). . . ." The term "pleading" is defined by MCR 2.110(A) and includes only: (1) a complaint; (2) a cross-claim; (3) a counterclaim; (4) a third-party complaint; (5) an answer to a complaint, cross-claim, counterclaim, or third-party complaint; and (6) a reply to an answer. Accordingly, the only pleading properly considered when evaluating defendant's motion for summary disposition under MCR 2.116(C)(8) was the complaint itself, as defendant filed a motion for summary disposition in lieu of an answer. Nonethless, and despite having severed plaintiff's counterclaim from the nuisance abatement action, the trial court cited defendant's nuisance-abatement complaint and requested relief in its analysis. Further, the trial court relied on the dismissal of the nuisance-abatement action as evidence that there was no remedy for plaintiff's claims. The trial court erred in doing so. While the nuisance-abatement complaint was a "pleading," it was a pleading for a

separate case. Therefore, the nuisance-abatement complaint, and the dismissal of that action, could not be used when analyzing whether plaintiff's complaint was legally sufficient. See *El-Khalil*, 504 Mich at 160; MCR 2.116(G)(5).

Moreover, we also agree with plaintiff that the trial court made at least one mistake of law when concluding that the warrantless search of private property does not violate the Fourth Amendment because "it is not unreasonable to search a property when the proceedings are civil in nature." To the contrary, even when the underlying proceedings are civil, the Fourth Amendment protects an individual's right to privacy. *Camara v Municipal Court of City and Cty of San Francisco*, 387 US 523, 530; 87 S Ct 1727; 18 L Ed 2d 930 (1967) ("It is surely anomalous to say that the individual and his private property are fully protected by the Fourth Amendment only when the individual is suspected of criminal behavior."). See also *Marshall v Barlow's, Inc*, 436 US 307, 312-313; 98 S Ct 1816; 56 L Ed 2d 305 (1978) ("If the government intrudes on a person's property, the privacy interest suffers whether the government's motivation is to investigate violations of criminal laws or breaches of other statutory or regulatory standards."). Accordingly, the trial court's analysis, which relied heavily on the idea that there could be no Fourth Amendment violation in the nuisance-abatement context, was erroneous.

However, turning to the issue of whether plaintiff failed to state a claim on which relief could be granted, plaintiff sought to enforce his constitutional right to be free from unreasonable search and seizure under 42 USC 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

"Pursuant to its terms, 42 USC § 1983 provides a remedy against any person who, under color of state law, deprives another of the rights protected by the Constitution." *Davis v Wayne County Sheriff*, 201 Mich App 572, 576; 507 NW2d 751 (1993), citing *Collins v City of Harker Heights*, 503 US 115, 120; 112 S Ct 1061; 117 L Ed 2d 261 (1992) and *Monell v New York City Dep't of Social Services*, 436 US 658, 690; 98 S Ct 2018; 56 L Ed 2d 611 (1978). The statute does not confer substantive rights but merely supplies a remedy for deprivation of rights conferred by other laws. *Davis*, 201 Mich App at 576, citing *Graham v Connor*, 490 US 386, 393-394; 109 S Ct 1865; 104 L Ed 2d 443 (1989) and *York v Detroit (After Remand)*, 438 Mich 744, 757-758; 475 NW2d 346 (1991).

"It is well settled that a municipality is a person that can be sued under 42 USC 1983 for a deprivation of rights protected by the United States Constitution or a federal statute." *Holeton v City of Livonia*, 328 Mich App 88, 106; 935 NW2d 601 (2019). See also *Monell*, 436 US at 690. However, municipalities are responsible only for "their *own* illegal acts." *Pembaur v Cincinnati*, 475 US 469, 479; 106 S Ct 1292; 89 L Ed 2d 452 (1986), citing *Monell*, 436 US at 665-683. A municipality cannot be held vicariously liable for their employees' actions. *Payton v Detroit*, 211 Mich App 375, 398; 536 NW2d 233 (1995). Rather, "in order to sustain a cause of action against a municipality under § 1983, a plaintiff must show that an action pursuant to official municipal

policy of some nature caused a constitutional tort." *Id*. (quotation marks and citation omitted). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v Thompson*, 563 US 51, 61; 131 S Ct 1350; 179 L Ed 2d 417 (2011).

In the present case, the allegation that defendant has an unlawful policy or custom is largely made in one paragraph of plaintiff's complaint, which provides that: "In the course of conducting its 'nuisance abatement' program, Defendant DLBA regularly conducts warrantless searches of the back yards of houses in Detroit, and its agents regularly trespass on private property for the purpose of conducting those searches." This allegation is conclusory and not sufficiently supported by factual allegations. See *ETT Ambulance Serv Corp*, 204 Mich App at 395. Other than an allegation that a warrantless search of his property occurred, plaintiff makes no specific factual allegations to support his claim that defendant was "regularly" conducting such warrantless searches of private properties or that warrantless searches as part of defendant's nuisance-abatement program were a widespread custom with the force of law. Thus, even assuming that there was a Fourth Amendment violation, the allegations in the complaint assert no more than impermissible vicarious liability for the actions of one investigator. *Payton*, 211 Mich App at 398.

"We may affirm the trial court when it reached the right result, even if we differ on the reasoning underlying that result." *Bronson Health Care Group, Inc v State Auto Prop & Cas Ins Co*, 330 Mich App 338, 342 n 3; 948 NW2d 115 (2019).

## C. MOOTNESS

Plaintiff argues on appeal that the trial court erred by concluding that his claim under § 1983 was moot because defendant had dismissed its nuisance abatement action. We agree that plaintiff's action for damages under § 1983 was not moot.

"We generally do not address moot questions or declare legal principles that have no practical effect in a case." *Christenson v Secretary of State*, 336 Mich App 411, 418; 970 NW2d 417 (2021) (quotation marks and citation omitted). An issue is moot when "an event has occurred that renders it impossible for the court to grant relief." *Id*. (quotation marks and citation omitted). Likewise, an issue is moot when "a judgment, if entered, cannot for any reason have a practical legal effect on the existing controversy." *Id*. (quotation marks and citation omitted). However, claims for damages can generally avoid mootness challenges. See *Duckett v Solky*, 341 Mich App 706, 732; 991 NW2d 852 (2022). "Damages claims are retrospective in nature—they compensate for past harm. By definition, then, such claims cannot be moot." *Ermold v Davis*, 855 F3d 715 (CA 6, 2017) (quotation marks and citation omitted).[3]

Section 1983 authorizes civil remedies and suits for monetary damages for the violation of federal rights committed under the color of state law. *Mays v Governor of Michigan*, 506 Mich 157, 218 n 3; 954 NW2d 139 (2020) (MCCORMACK, C.J., concurring). An action under § 1983

---

[3] Decisions of federal courts of appeals are not binding on this Court but may be persuasive. *Farmland Capital Solutions, LLC v Mich Valley Irrigation Co*, 335 Mich App 370, 381 n 8; 966 NW2d 709 (2021)

seeking damages to address a past constitutional harm easily overcomes a mootness challenge. See *Duckett*, 341 Mich App at 731-732. Here, plaintiff sought monetary damages to compensate him for the unlawful search of his property. Accordingly, plaintiff's claim was not rendered moot by the dismissal of the nuisance-abatement action. Further, in the context of § 1983, courts have approved the award of even nominal damages when deprivations of constitutional rights are not shown to have caused actual injury. *Carey v Piphus*, 435 US 247, 266 n 24; 98 S Ct 1042; 55 L Ed 2d 252 (1978). A claim for nominal damages may generally "go forward in an otherwise-moot case." *Duckett*, 341 Mich App at 732 (quotation marks, citation, and ellipses omitted). Even assuming that plaintiff may not have suffered actual damages in this instance due to the nature of the constitutional violation, plaintiff's claim would still not be moot.

## D. OPPORTUNITY TO AMEND

Plaintiff also argues that the trial court erred when it granted defendant's motion for summary disposition and dismissal under MCR 2.116(C)(8) without addressing his request to amend his complaint. We express no opinion on whether plaintiff is entitled to amendment but agree that the trial court was required to consider plaintiff's request.

"When deciding a motion for summary disposition based on MCR 2.116(C)(8), the court must give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the amendment would be futile." *Lane v KinderCare Learning Centers, Inc*, 231 Mich App 689, 696; 588 NW2d 715 (1998). See also MCR 2.116(I)(5). Although plaintiff did not file a motion to amend his complaint, plaintiff raised the issue in his response to defendant's motion for summary disposition and then again at oral argument. Plaintiff expressly argued that "[i]f the Court [was] inclined to grant the Motion, [plaintiff] should be afforded a chance to amend his counterclaim, per MCR 2.116(I)(5)." However, the trial court's opinion and order does not discuss the possibility of amendment or MCR 2.116(I)(5). We remand with instruction to the trial court to consider whether plaintiff is entitled to amend his pleadings or whether amendment would not be justified on the basis of the evidence before the court.

## III. CONCLUSION

We affirm the trial court's order granting summary disposition to defendant under MCR 2.116(C)(8) because plaintiff has failed to state a claim on which relief can be granted, vacate the portion of the trial court's order that found plaintiff's claim was moot, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Kelly
/s/ Mariam S. Bazzi